**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SOCIETY OF THE DIVINE WORD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 21-cv-3650 |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants answer Plaintiffs' Complaint for Declaratory, Injunctive, Mandamus and

Other Relief ("Fourth Amended Complaint"), ECF No. 57, as follows:

## I. Introduction[1]

The allegations in these unnumbered paragraphs constitute Plaintiffs' characterization of

this lawsuit and conclusions of law, to which no response is required. To the extent a response is

deemed required, Defendants deny the allegations in these paragraphs and specifically deny that

they have engaged in any sort of invidious discrimination.

## II. Jurisdiction and Venue

1.   The allegations in paragraph 1 are conclusions of law regarding jurisdiction to which

no response is required. To the extent that a response is deemed required, Defendants deny the

allegations in this paragraph.

2.   The allegations in paragraph 2 are conclusions of law to which no response is

---

[1] For the purpose of organizing Defendants' responses, Defendants' answer uses the headings and sub-headings Plaintiffs used in their Fourth Amended Complaint. To the extent those headings are construed to contain factual allegations, then those allegations are denied.

required.

3.   The allegations in paragraph 3 constitute Plaintiffs' conclusions of law as to venue to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 3.

### III. The Parties

4.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 4.

5.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 5.

6.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 6.

7.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 7.

8.   Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in paragraph 8.

9.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 9.

10.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 10.

11.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 11.

12.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 12.

13.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 13.

14.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 14.

15.   Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 15.

16.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 16.

17.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 17.

18.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 18.

19.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 19.

20.  Defendants are without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 20.

21.  Admit.

22.  Admit.

23.  Defendants deny the allegations contained in paragraph 23 and aver that Kristine Crandall is the current Acting Director of the California Service Center.

## IV. Facts and Relevant Statutory and Regulatory Provisions

24.  Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in paragraph 24.

### The Immigration and Nationality Act (INA) Provisions for Ministers and Religious Workers

25. The allegations in paragraph 25 constitute Plaintiffs' conclusions of law and characterization of various provisions in the INA to which no response is required.

### The INA's Provisions Relating to Petitions by Non-Religious Employers, Ministers, Religious Workers, and their Employers

26. The allegations in paragraph 26 constitute Plaintiffs' conclusions of law and characterization of various provisions in the INA to which no response is required.

### Defendants' Regulations Requiring Petitions for Employment-Based Immigrants

27. The allegations in paragraph 27 constitute Plaintiffs' conclusions of law and characterization of various provisions in the INA and Code of Federal Regulations to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 27, and state that Defendants are not precluded, if eligible, from filing a Form I-140 and seek EB-1, EB-2, and EB-3 preference classifications for their religious workers.

### The INA's Provisions for Adjustments of Status

28. The allegations in paragraph 28 constitute Plaintiffs' conclusions of law and characterization of 8 U.S.C. § 1255 and 8 C.F.R. § 245.1(g)(1) to which no response is required.

29. The allegations in paragraph 29 constitute Plaintiffs' conclusions of law and characterization of 8 C.F.R. § 245.1(g)(1) and 8 C.F.R. § 245.2(a)(2)(i)(B) to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in this paragraph and specifically state that the 8 C.F.R. § 245.2(a)(2)(i)(B) concurrent filing regulation explicitly excludes certain EB-4 categories, such as EB-4 broadcasters, EB-4 Panama Canal Zone employees, EB-4 Afghans and Iraqis employed by or on behalf of the U.S. government, or EB-4 religious worker applicants, which includes Plaintiffs.

**Defendants' Processing Delays Causing Religious Workers to Become Ineligible to Adjust Status**

30. The allegations contained in the first two sentences of in paragraph 30 constitute legal arguments to which no response is required. Defendants admit that the listed processing times from March 2020 to December 2022 are generally correct for all Form I-360 applicants, not just Form I-360 religious workers. Defendants deny that "USCIS will not accept inquiries about even long-pending I-360 petitions" as Plaintiffs allege in the final sentence paragraph 30. Defendants admit that the quotation contained in the final sentence of paragraph 30 is from the USCIS processing-times website.

**Defendants' Policies Designed to Alleviate the Impact of Delays for Non-Religious Employers that do not Extend to Religious Employers**

31. The allegations in paragraph 31 constitute Plaintiffs' conclusions of law to which no response is required.

**INA § 245(k), 8 U.S.C. § 1255(k)-Congress's Intent to Protect All Employment-Based Immigrants' Eligibility to Adjust Status Notwithstanding USCIS Processing Delays**

32. The allegations in paragraph 32 constitute Plaintiffs' conclusions of law and characterization of various provisions in the INA to which no response is required.

**Congressional Policy Regarding Processing Times**

33. The allegations in paragraph 33 constitute Plaintiffs' conclusions of law and characterization of 8 U.S.C. § 1571(b) to which no response is required. Defendants deny that 8 U.S.C. § 1571(b) creates any binding legal duty or supports a claim under either the INA or the Due Process Clause.

**Concurrent Filing for Non-Religious Employment-Based Adjustment Applicants**

34. Defendants deny that "concurrent-filing benefit protects the employee from

becoming ineligible to file for adjustment of status through a status violation or unauthorized employment" as Plaintiffs allege in paragraph 34 and further deny that concurrent filing constitutes a "benefit." The remaining allegations in paragraph 34 constitute Plaintiffs' conclusions of law and characterization of 8 C.F.R. § 245.2(a)(2)(i)(B) to which no response is required.

## Premium Processing

35. The allegations in paragraph 35 constitute Plaintiffs' conclusions of law and characterization of 8 U.S.C. § 1356(u) to which no response is required.

36. The allegations in paragraph 36 constitute Plaintiffs' conclusions of law to which no response is required.

37. The allegations in paragraph 37 constitute Plaintiffs' characterization of this lawsuit to which no response is required.

### Relevant Facts Relating to Plaintiff Society of the Divine Word (SVD)

38. Defendants state that "[a]t the time of this Complaint" SVD had filed five I-360 petitions. Defendants state as follows in response to the allegations contained within each of the subparagraphs contained in paragraph 38:

    a.    Defendants admit that an I-360 petition was filed on or about October 3, 2019 on behalf of Fr. Francis Xavier Rayappan, a citizen of India, and that the petition was approved on or about August 3, 2021. Defendants deny that the petition receipt number is WAC2090001002; the correct receipt number is WAC2090002001. Defendants further aver that Plaintiff SVD filed a nonimmigrant petition to extend Fr. Rayappan's R-1 status which was approved granting him R-1 status through July 20, 2021. Defendants admit that Fr. Rayappan filed an application for adjustment of

status along with ancillary applications for employment authorization and advance parole. Defendants admit that the ancillary applications for employment authorization and advance parole were approved on October 14, 2021, and that the application for adjustment of status was approved on February 3, 2022. Defendants are without sufficient knowledge, information, or belief to admit or deny the remaining allegations in subparagraph 38(a).

 b. Defendants admit that SVD filed an I-360 petition on March 4, 2020 on behalf of Fr. Thien Duc Nguyen, a citizen of Vietnam. which was approved on or about September 22, 2021. Defendants deny that the I-360 petition receipt number is WAC2090002001 and aver that the correct receipt number is WAC2090076545. Defendants admit that Plaintiff SVD filed a nonimmigrant petition to extend Fr. Nguyen's R-1 status (receipt number WAC2120451075) which was approved on November 30, 2021. Defendants admit that Fr. Nguyen filed an application for adjustment of status along with ancillary applications for employment authorization and advance parole; that the applications for employment authorization and advance parole were approved on April 21, 2022; and that his application for adjustment of status was approved on October 12, 2022. Defendants lack sufficient knowledge, information, or belief to admit or deny the remaining allegations contained in subparagraph 38(b).

 c. Defendants admit that Plaintiff SVD filed an I-360 petition (WAC2190052292) on or about February 9, 2021 on behalf of Fr. Romeo Mongaya Bacalso, a citizen of the Philippines, which was approved on September 22, 2021. Defendants admit that Fr. Bacalso filed applications for adjustment of status and

employment authorization on October 13, 2021; that the application for employment authorization was approved on April 21, 2022; and that his application for adjustment of status was approved on October 18, 2022. Defendants further admit that Fr. Bacalso's R-1 status expired on January 1, 2022. Defendants lack sufficient knowledge, information, or belief to admit or deny the remaining allegations contained in subparagraph 38(c).

      d.      Defendants admit that Plaintiff SVD filed an I-360 petition (WAC2090172050) on or about September 22, 2020 on behalf of Fr. Phelim Jordan, a citizen of Ireland, which was approved on September 22, 2021. Defendants admit that Fr. Jordan filed applications for adjustment of status, employment authorization, and advance parole on October 13, 2021; that the applications for employment authorization and advance parole were approved on April 20, 2022; and that his application for adjustment of status was approved on November 10, 2022. Defendants further admit that Fr. Jordan's R-1 status expired on December 4, 2021. Defendants lack sufficient knowledge, information, or belief to admit or deny the remaining allegations contained in subparagraph 38(d).

      e.      Defendants admit that a Form I-360 petition (WAC2190140088) was filed on or about September 24, 2021 on behalf of Fr. Messan Tettekpoe, a citizen of Togo, and admit that the petition was approved on October 20, 2021. Defendants admit that Fr. Tettekpoe subsequently filed applications for adjustment of status, employment authorization, and advance parole; that the applications for employment authorization and advance parole were approved on June 9, 2022; and that the application for adjustment of status was approved on November 10, 2022.

Defendants lack sufficient knowledge, information, or belief to admit or deny the remaining allegations contained in subparagraph 38(e).

39. Defendants are without sufficient knowledge, information, or belief to admit or deny the allegation in paragraph 39.

### Relevant Facts Relating to Plaintiff National Spiritual Assembly of the Baha'is in the United States

40. Defendants admit that on or about December 4, 2019, this petitioner filed a Form I-360 petition on behalf of Ms. Saphira Rameshfar, a citizen of Australia, which was approved on or about January 8, 2021. Defendants further admit that Ms. Rameshfar's R-1 status expired on January 20, 2021. Defendants admit that Ms. Rameshfar filed applications for adjustment of status, employment authorization, and advance parole; that the applications for employment authorization and advance parole were approved on August 9, 2021; and that the application for adjustment of status was approved on October 22, 2021. Defendants lack sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 40.

41. The allegations in paragraph 41 constitute Plaintiffs' conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 41.

42. Defendants are without sufficient knowledge, information, or belief to admit or deny the allegations in paragraph 42.

### Relevant Facts Relating to Plaintiff Illinois Great Rivers Conference of the United Methodist Church

43. Plaintiffs state in paragraph 43 that "Plaintiff, Illinois Great Rivers Conference of the United Methodist Church [IGRC-UMC] seeks to employ Rev. Enrico Retotar Esguerra, a citizen of the Philippines, permanently as a pastor within the Conference." Defendants aver that Rev.

Enrico Retotar Esguerra was granted Lawful Permanent Residence in the United States on October 18, 2021 and therefore Plaintiff may employ Rev. Esguerra if it so desires. *See* 8 C.F.R. 274a.12(a)(1). Defendants are without sufficient knowledge, information, or belief to admit or deny the remaining allegations in paragraph 43.

44. Defendants admit that IGRC-UMC filed a Form I-360 petition on or about December 9, 2019, which was approved on October 18, 2021. Defendants further admit that when Rev. Esguerra traveled to the United States, his wife and three children travelled with him as dependents in R-2 status. Defendants state that the remaining allegations in paragraph 44 constitute Plaintiffs' conclusions of law to which no respond is required. To the extent a response is deemed required, Defendants deny the remaining allegations in paragraph 44.

45. Defendants admit that on September 1, 2020, Rev. Esguerra's son, Henrick, filed a Form I-539 application (SRC2090461355) to change status to F-1 student and that the application was approved on December 3, 2021. Defendants state that the remaining allegations in paragraph 45 constitute Plaintiffs' conclusions of law to which no response is required.

46. Defendants admit that the I-360 petition was approved on October 18, 2021. Defendants state that the remaining allegations in paragraph 46 constitute Plaintiffs' conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in paragraph 46.

**Relevant Facts Relating to Plaintiff Pontifical Institute for Foreign Missions**

47. Defendants admit that this petitioner filed a Form I-360 petition on or about April 7, 2021 for Fr. Daniele Criscione, a citizen of Italy, and that the petition was approved on December 13, 2021.

48. Admit.

49. Defendants admit that Fr. Criscione's application for adjustment of status was approved. Defendants lack sufficient knowledge, information, or belief to admit or deny the remaining allegations in paragraph 49.

**Relevant Facts Relating to Plaintiff Brown Missionary Baptist Church**

50. Defendants admit that this petitioner filed a Form I-360 petition (WAC2190041675) on or about January 11, 2021 for Pastor Jaime Armando Loayza Rojas as Pastor of Hispanic Ministries. Defendants deny the remaining allegation in paragraph 50.

51. Defendants admit that this petitioner requested an expedite of this I-360 petition and requested congressional assistance as alleged in paragraph 51. Although the request for an expedite was initially denied, the expedite request was subsequently approved, a Request For Evidence was issued on October 19, 2021, and the petition was approved on December 29, 2021.

52. Admit.

53. Defendants admit that Pastor Rojas' R-1 status expired on October 27, 2021. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 53.

54. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 54.

55. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 55.

**Relevant Facts Relating to Plaintiff India Heritage Foundation, NJ/NY Inc.**

56. Defendants admit that this petitioner filed two Form I-360 petitions on April 20, 2020 and state as follows with respect to the factual allegations in each of the subparagraphs in paragraph 56:

a. Defendants admit that a Form I-360 petition was filed for the benefit of Harsh Vardhan Sharma and that the petition was approved on October 21, 2021. Defendants admit that the beneficiary's R-1 status expired on October 5, 2021. Defendants admit that Harsh Vardhan Sharma filed applications for adjustment of status and employment authorization on November 19, 2021; that the application for employment authorization was approved on June 8, 2022; and that the application for adjustment of status was approved on July 18, 2022. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in this subparagraph.

b. Defendants admit that a Form I-360 petition was filed for the benefit of Satyabrata Jena and that the petition was approved on October 20, 2021. Defendants admit that the beneficiary's R-1 status expired on December 21, 2021. Defendants admit that Satyabrata Jena filed applications for adjustment of status and employment authorization on November 19, 2021; that the application for employment authorization was approved on June 9, 2022; and that the application for adjustment of status was approved on June 24, 2022. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in this subparagraph.

57. Deny.

## Relevant Facts Relating to Baptist Mid-Missions

58. Defendants admit that this petitioner filed an I-360 petition (WAC2090107006) for

the benefit of Jean Tsen, a citizen of Malaysia, on May 1, 2020, and admit that the petition was approved on December 6, 2021. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 58.

59. Defendants admit that Plaintiffs sought congressional assistance but deny the remaining allegation as Plaintiffs' characterization of the facts.

60. Defendants admit that Ms. Tsen's period of stay in R-1 status expired on October 27, 2020. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 60.

61. Defendants deny the allegations contained in the first sentence of paragraph. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 61.

**Relevant Facts Relating to General Secretariat of the Franciscan Missions, Inc.**

62. Defendants admit that this petitioner filed a Form I-360 petition on December 8, 2020 for the benefit of Fr. Devassy Kuruthukulallgara, a citizen of India. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 62.

63. Defendants admit that this petition was approved on October 20, 2021. Defendants admit that the Fr. Kuruthukulallgara's R-1 status expired on January 20, 2022. Defendants admit that Fr. Kuruthukulallgara filed applications for adjustment of status, employment authorization, and advance parole, and further admits that the application for employment authorization was approved on March 30, 2022. Defendants are without sufficient knowledge, information or belief to admit or deny the remaining allegations in Paragraph 63.

64. Defendants admit that Fr. Kuruthukulallgara's adjustment of status application was

filed on January 13, 2022 and approved on August 15, 2022. Defendants deny that the Plaintiff waited over 18 months before the adjustment of status application was approved. Defendants are without sufficient knowledge, information or belief to admit or deny the remaining allegations in Paragraph 64.

**Relevant Facts Relating to Plaintiff The Roman Catholic Diocese of Des Moines**

65. Defendants admit that this petitioner filed a Form I-360 petition on February 2, 2021 on behalf of Fr. Samuel Kwame Danso, a citizen of Ghana. Defendants are without sufficient knowledge, information or belief to admit or deny the remaining allegations in Paragraph 65.

66. Defendants admit that the Form I-360 petition was approved on October 20, 2021. Defendants admit that Fr. Danso's application for adjustment of status was approved on May 5, 2022 but deny that the application was pending for over 16 months. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 66.

**Relevant Facts Relating to Plaintiff First Baptist Church of Kalamazoo**

67. Defendants admit that this petitioner filed a Form I-360 petition on September 8, 2020 for the benefit of Rev. Dr. Sanchita Kisku, a citizen of India. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 67.

68. Defendants admit that the Form I-360 petition was approved on October 20, 2021. Defendants admit that Rev. Dr. Kisku filed applications for adjustment of status, employment authorization, and advance parole. Defendants admit that the applications for employment authorization and advance parole were approved on April 18, 2022. Defendants deny that the beneficiary's period of R-1 stay expired on February 10, 2022 and aver that the petitioner had

previously filed a Form I-129 petition (WAC2201450415) which was approved on January 4, 2022 granting an extension to Rev. Dr. Kisku's R-1 status, providing her with travel and employment authorization until August 10, 2022. Defendants deny that Rev. Dr. Kisku did not have R-1 status from the date of February 10, 2022 to April 18, 2022 as implied in the second sentence of paragraph 68 of the complaint.

69. Defendants admit that Rev. Dr. Kisku's application for adjustment of status was approved on August 19, 2022. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 69.

### Relevant Facts Relating to Grace-Trinity United Church of Christ

70. Defendants admit that this petitioner filed an I-360 petition on March 16, 2020 on behalf of Jonathan Bangera, a citizen of India, and further admit that the petition was approved on November 22, 2021. Defendants deny that the I-360 petition was filed on behalf of his wife and children. Defendants admit that Jonathan Bangera and his family subsequently filed applications for adjustment of status, employment authorization, and advance parole.

71. Defendants admit that Pastor Bangera's application for employment authorization was approved on June 9, 2022. Defendants admit that the beneficiary's R-1 status expired on May 12, 2022. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegation in paragraph 71.

72. Defendants admit that Pastor Bangera and family's applications for adjustment of status were approved on August 23, 2022, but deny that the applications were pending for over two years. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 72.

### Relevant Facts Relating to Birmingham Chinese Christian Church

73. Defendants are without sufficient information, knowledge, or belief to admit or deny that Xuefeng Wu is the Plaintiff's "sole pastor" as alleged in paragraph 73. Defendants admit the remaining allegations in paragraph 73.

74. Defendants admit that Pastor Wu and his family's applications for adjustment of status were approved on August 23, 2022. Defendants deny that the applications for adjustment of status were pending for over a year. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 74.

75. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 75.

**Relevant Facts Relating to Diocese of Peoria**

76. Admit.

77. Defendants admit that Fr. Mujuni's applications for employment authorization and advance parole were approved on February 25, 2022 and admit that Fr. Mujuni's R-1 status expired on December 14, 2021. Defendants are without sufficient information, knowledge, or belief to admit or deny the remainder of the allegations in paragraph 77.

78. Defendants admit that Fr. Mujuni's application for adjustment of status was approved on September 21, 2022 but deny that the application was pending for eighteen months. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 78.

79. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations in paragraph 79.

**Relevant Facts Relating to Missionary Sisters Servants of the Holy Spirit**

80.   Defendants admit that the petitioner has filed at least three Form I-360 for its members. Defendants state as follows in response to the allegations contained within each of the subparagraphs contained in paragraph 80:

a. Defendants admit the allegations contained in the first four sentences of paragraph 80(a). Defendants admit that the application for adjustment of status was approved as alleged in the fifth sentence of paragraph 80(a), but deny that the application was pending for almost two years.  Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations the fifth sentence of paragraph 80(a).

b. Defendants admit the allegations contained in the first three sentences of paragraph 80(b), up to and including the sentence stating USCIS' approval of the employment authorization and advance parole applications on June 9, 2022. Defendants admit that the application for adjustment of status was approved as alleged in the seventh sentence of paragraph 80(b). Defendants deny that the application was pending for over two years. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 80(b).

c. Defendants admit the allegations contained in the first three sentences of paragraph 80(c), up to and including the sentence stating that certain applications were filed on February 10, 2022. Defendants admit that the Plaintiff filed a petition to change the beneficiary's status to H-1B (WAC2126550976) which was approved on July 6, 2021, authorizing her H-1B status and employment authorization until July 6, 2024. Defendants admit that Sr. Levchenko's application for adjustment of status was approved and further aver that, according to USCIS's records, there was never a period of time when she was without employment authorization.

Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 80(c).

81. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 81.

**Relevant Facts Relating to Algood Baptist Church, d/b/a Church on a Hill**

82. Defendants admit that this petitioner filed an I-360 petition on July 22, 2020 on behalf of Rex Allchurch, a citizen of the United Kingdom, and further admit that the petition was approved on February 22, 2022. Defendants deny that the petitioner requested an expedite of the petition on February 1, 2022 and aver that the expedite request was made on September 16, 2021 that was denied.

83. Admit.

84. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 84.

85. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 85.

**Relevant Facts Relating to Evangelical Lutheran Church of America (ELCA), Indiana-Kentucky Synod**

86. Defendants admit that the petitioner has filed at least two Form I-360 for its members. Defendants state as follows in response to the allegations contained within each of the subparagraphs contained in paragraph 86:

a. Defendants admit that this petitioner filed an I-360 petition on November 20, 2019 on behalf of Pastor Evangeline Anderson, a citizen of India, and further admit that the petition was approved on March 21, 2022. Defendants admit the allegations contained in the

third, fourth, and fifth sentences of paragraph 86(a). Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 86(a).

b. Defendants admit that this petitioner filed an I-360 petition on December 9, 2019 on behalf of Pastor Emmanuel Penumaka, a citizen of India, and further admit that the petition was approved on December 7, 2021. Defendants admit the allegations contained in the third, fourth, and fifth sentences of paragraph 86(b). Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 86(b).

87. Defendants are without sufficient information, knowledge, or belief to admit or deny the allegations in paragraph 87.

### Relevant Facts Relating to Evangelical Lutheran Church of America (ELCA), New Jersey Synod

88. Defendants admit that this petitioner filed an I-360 petition on February 18, 2020 on behalf of Eunyoung Kim, a citizen of South Korea, and further admit that the petition was approved on or about February 17, 2022. Defendants admit the allegations contained in the third, fourth, and fifth sentences of paragraph 88. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 88.

89. Defendants are without sufficient information, knowledge, or belief to admit or deny the remaining allegations of paragraph 89.

### V. Causes of Action
### Count 1. First Amendment Free Exercise Clause Claims

90. Deny.

91. Deny.

### Count 2. First Amendment Establishment Clause Claims

92. Deny.

## Count 3. Religious Freedom Restoration Act Violations

93. Deny.

## Count 4. Immigration and Nationality Act Claims

94. Deny.

95. Deny.

96. Deny.

97. Deny.

## Count 5. Administrative Procedure Act Claims[2]

## Count 6. Due Process and Equal Protection Claims

98. Deny.

99. Deny.

## Relief Sought

Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Amended Complaint and as separate affirmative defenses, Defendants state as follows:

1.     The Fourth Amended Complaint should be dismissed, in whole or in part, for lack of subject matter jurisdiction.

2.     The Fourth Amended Complaint should be dismissed based on the relevant

---

[2] Plaintiffs correctly note in their Fourth Amended Complaint that this claim was stricken by the Court and Plaintiffs have, accordingly, removed the allegations from this version of their pleadings (leaving only the title of this former count).

statutes of limitation.

      3.      Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief may be granted.

      4.      Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiffs on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

      5.      Defendants reserve the right to amend this answer as necessary.

      WHEREFORE, Defendants having fully answered Plaintiffs' Fourth Amended Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director
District Court Section
Office of Immigration Litigation

GLENN M. GIRDHARRY
Deputy Director

*s/ Aaron S. Goldsmith*
Aaron S. Goldsmith
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 532-4107
Email: aaron.goldsmith@usdoj.gov

Attorneys for Defendants