IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


SOCIETY OF THE DIVINE WORD,           )
Chicago Province; NATIONAL            )
SPIRITUAL ASSEMBLY OF THE             )
BAHA'IS IN THE UNITED STATES;         )
ILLINOIS GREAT RIVERS                 )
CONFERENCE OF THE UNITED              )
METHODIST CHURCH; PONTIFICAL          )
INSTITUTE FOR FOREIGN                 )
MISSIONS; BROWN MISSIONARY            )
BAPTIST CHURCH; INDIA HERITAGE)
FOUNDATION, NJ/NY INC.;               )
BAPTIST MID-MISSIONS;                 )
GENERAL SECRETARIAT OF THE            )
FRANCSICAN MISSIONS, INC.;            )
THE ROMAN CATHOLIC DIOCESE            )
OF DES MOINES; FIRST BAPTIST          )
CHURCH OF KALAMAZOO;                  )
GRACE-TRINITY UNITED CHURCH           )
OF CHRIST; BIRMINGHAM                  )
CHINESE CHRISTIAN CHURCH;             )
DIOCESE OF PEORIA, ILLINOIS;          )
MISSIONARY SISTERS SERVANTS           )
OF THE HOLY SPIRIT; ALGOOD            )
BAPTIST CHURCH, D/B/A CHURCH          )
ON A HILL; EVANGELICAL                )
LUTHERAN CHURCH OF AMERICA            )
(ELCA), INDIANA-KENTUCKY              )
SYNOD; & EVANGELICAL                  )
LUTHERAN CHURCH OF AMERICA            )
(ELCA), NEW JERSEY SYNOD,             )
          Plaintiffs-Appellants,      )
                                      )
                  vs.                 )
                                      )   Civ. No. 21-3650
UNITED STATES CITIZENSHIP AND         )
IMMIGRATION SERVICES (USCIS);         )
ALEJANDRO MAYORKAS, Secretary         )

1

**of the Department of Homeland Security;** )
**and TRACY TARANGO,** )
**Director, USCIS California Service** )
**Center (CSC),** )
      **Defendants-Appellees.** )

## NOTICE OF APPEAL

Notice is hereby given that all of the above-named plaintiffs appeal to the U.S. Court of Appeals for the Seventh Circuit from the decision and judgment of the district court entered on July 20, 2023, granting the defendants' motion for summary judgment and denying the plaintiffs' motion for summary judgment. All of the above-named plaintiffs also appeal to the U.S. Court of Appeals for the Seventh Circuit the decision of the district court entered on December 20, 2022 dismissing various counts in their Third Amended Complaint.

s/ Scott D. Pollock
Attorney for Plaintiffs-Appellants

Scott D. Pollock & Associates, P.C.
105 W. Madison, Suite 2200
Chicago, IL 60602
(312) 444-1940
Fax: (312) 444-1950

## CERTIFICATE OF SERVICE

I, Scott D. Pollock, an attorney, hereby certify that the above Plaintiffs-Appellants' Notice of Appeal was served on September 8, 2023 on counsel of record for the defendants-appellees, in accordance with FED R. CIV. PRO. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) system as to ECF filers on:

> Craig A. Oswald
> Assistant U.S. Attorney
> U.S. Attorneys' Office for the Northern District of Illinois
> 219 South Dearborn Street, 5th Floor
> Chicago, Illinois 60604
>
> Aaron S. Goldsmith
> U.S. Department of Justice
> Office of Immigration Litigation
> P.O. Box 868, Ben Franklin Station
> Washington, DC 20044

s/Scott D. Pollock_____
Attorney for the Plaintiffs-Appellants

Scott D. Pollock & Associates, P.C.
105 W. Madison St., Suite 2200
Chicago, IL 60602
(312) 444-1940

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOCIETY OF THE DIVINE WORD, | ) | |
| Chicago Province; NATIONAL SPIRITUAL | ) | |
| ASSEMBLY OF THE BAHA'IS IN THE | ) | |
| UNITED STATES; ILLINOIS GREAT | ) | |
| RIVERS CONFERENCE OF THE UNITED | ) | |
| METHODIST CHURCH; PONTIFICAL | ) | Case No. 21 CV 3650 |
| NSTITUTE FOR FOREIGN MISSIONS; | ) | |
| BROWN MISSIONARY BAPTIST CHURCH; | ) | Judge Robert W. Gettleman |
| INDIA HERITAGE FOUNDATION, | ) | |
| NJ/NY INC.; BAPTIST MID-MISSIONS; | ) | |
| GENERAL SECRETARIAT OF THE | ) | |
| FRANCSICAN MISSIONS, INC.; | ) | |
| THE ROMAN CATHOLIC DIOCESE OF | ) | |
| DES MOINES; FIRST BAPTIST CHURCH OF | ) | |
| KALAMAZOO; GRACE-TRINITY UNITED | ) | |
| CHURCH OF CHRIST; BIRMINGHAM | ) | |
| CHINESE CHRISTAIN CHURCH; DIOCESE | ) | |
| OF PEORIA, ILLINOIS; MISSIONARY | ) | |
| SISTERS SERVANTS OF THE HOLY SPIRIT; | ) | |
| ALGOOD BAPTIST CHURCH, D/B/A | ) | |
| CHURCH ON A HILL; EVANGELICAL | ) | |
| LUTHERAN CHURCH OF AMERICA (ELCA), | ) | |
| INDIANA-KENTUCKY SYNOD; | ) | |
| & EVANGELICAL LUTHERAN CHURCH | ) | |
| OF AMERICA (ELCA), NEW JERSEY SYNOD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES (USCIS); | ) | |
| ALEJANDRO MAYORKAS, Secretary | ) | |
| of the Department of Homeland Security; | ) | |
| and DONNA P. CAMPAGNOLO, Director, | ) | |
| USCIS California Service Center (CSC), | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs are tax-exempt religious institutions and bring this six-count complaint against

1

defendants United States Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas, Secretary of the Department of Homeland Security; and Donna P. Campagnolo, Director of the USCIS California Service Center ("CSC") (collectively, "defendants"). The complaint alleges that defendants' regulations, policies, and practices violate the U.S. Constitution and various federal statutes. Count 1 alleges violations of the Free Exercise Clause of the First Amendment; Count 2 alleges violations of the Establishment Clause of the First Amendment; Count 3 alleges violations of the Religious Freedom Restoration Act ("RFRA"), 28 U.S.C. § 2201; Count 4 alleges violations of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255; Count 5 alleges violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701; and Count 6 alleges violations of the Due Process and Equal Protection Clauses. The instant complaint is plaintiffs' third amended complaint (Doc. 39), which they filed on July 1, 2022. On July 27, 2022, defendants moved the court to dismiss plaintiffs' third amended complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (Doc. 41). On November 18, 2022, defendant USCIS filed a Notice of Administrative Development (Doc. 52), which prompted the court to direct plaintiffs to respond regarding whether the instant case is moot (Doc. 53). Plaintiffs responded on November 28, 2022 (Doc. 54). For the reasons discussed below, defendants' motion to dismiss is granted in part and denied in part.

## **BACKGROUND**

Plaintiffs allege that they "exercise their religious beliefs and advance them in practice by employing foreign-born ministers and international religious workers." The INA allows up to 5,000 visas per fiscal year for such workers, but the process of employing foreign-born ministers and international religious workers under the INA is complicated. Some of these visa applicants are already in the United States on a non-immigrant ("R-1") visa. R-1 visa holders can stay in

the country for up to five years, and they can stay longer if they successfully "adjust status" prior to their R-1 visa expiration. If an R-1 visa holder does not adjust their status before its expiration, the individual is unlawfully present in the United States and becomes ineligible to adjust status. 8 U.S.C. §§ 1255(c), (k).

Ministers and other religious workers can seek classification in employment-based immigrant preference categories for "special immigrants." 8 U.S.C. § 1154(a)(1)(G)(i). What plaintiffs term the "special immigrant religious worker" category is known as "EB-4." 8 U.S.C. § 1153(b)(4); 8 U.S.C. § 1101(a)(27)(C). Other employment-based immigrant preference categories include priority workers ("EB-1"), advanced degree and exceptional ability workers ("EB-2"), professional and skilled workers ("EB-3"), and individuals involved in job creation ("EB-5"). 8 U.S.C. §§ 1153(b)(1),(2),(3), and (5).

EB-4 classification requires a series of steps by both employers and non-citizen employees. Employers seek EB-4 classification for their non-citizen employees by filing a Form I-360 petition with the Secretary of Homeland Security. 8 C.F.R. § 204.5(a). After USCIS approves the Form I-360 petition, the indicated non-citizen employee must file a Form I-485 application for adjustment of their status to "lawful permanent resident," otherwise known as a "green card holder." 8 C.F.R. § 245.2. For USCIS to adjust an applicant's status, the applicant must be eligible to receive an employment-based preference visa, and such visa must be immediately available. 8 U.S.C. § 1255(a). In the instant case, plaintiffs are employers who have filed Form I-360 petitions on behalf of certain non-citizen employees with R-1 status. Plaintiffs' specified non-citizen employees (i.e., the beneficiaries specified on plaintiffs' Form I-360 petitions) are not parties to the instant case.

Employment-based immigrants in other preference categories must complete different

3

steps to adjust their status. For example, employers of non-citizen workers in the EB-1, EB-2, and EB-3 preference categories must file Form I-140 Petitions instead of Form I-360 Petitions. 8 C.F.R. § 204.5(a). In addition, according to defendants, these employers must "test the U.S. labor market" by first seeking a labor certification from the United States Department of Labor. 8 U.S.C. § 1182(a)(5)(A)(i). Employees in these preference categories file Form I-485 applications for status adjustment, just like EB-4 employees. 8 C.F.R. § 245.2(a)(3). The difference is that other categories of special immigrant workers (i.e., EB-1, EB-2, EB-3 employees) can file their Form I-485 applications concurrently with their Form I-140 petitions, whereas EB-4 employees can only file their Form I-485 applications after the USCIS approves their employers' Form I-360 petitions. 8 C.F.R. § 245.2(a)(2)(i)(B).

Plaintiffs complain that the inability to concurrently file Form I-485 applications with Form I-360 petitions results in processing delays. Because their employees' R-1 statuses are time-limited, plaintiffs allege that "the ability to timely file an I-485 adjustment of status application can be important to avoid interrupting religious workers' employment in the United States." According to plaintiffs, applicants are eligible to receive employment authorization based on their pending Form I-485 applications. Plaintiffs complain that USCIS's backlog in processing for Form I-360 petitions—which USCIS must approve before employees can file their corresponding Form I-485 applications—has "steadily grown" over the past several years. They cite defendants' website to suggest that the processing time delay for Form I-360 petitions was five to seven months on March 3, 2020, but has since increased to 20.5 to 27 months as of October 3, 2021.

Plaintiffs acknowledge that Congress has acted to help alleviate the burden of processing delays. Congress determined that "[i]t is the sense of Congress that the processing of an

immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b). Further, Congress authorized the Department of Homeland Security to "establish and collect a premium fee" for premium processing. 8 U.S.C. § 1356(u). The problem for EB-4 petitioners is that, according to plaintiff, "USCIS permits many I-140 petitioners to obtain premium processing adjudications, but not I-360 religious petitioners." Plaintiffs allege that "[e]xtending concurrent filing and premium processing to Forms I-360, which defendants do for non-religious employers, would alleviate the burdens that the ballooning delays impose on religious employers, by providing their religious workers with employment authorization, travel authorization, and protection from the consequences of being unlawfully present in the United States, while their adjustment of status applications are being processed."

Ultimately, plaintiffs allege that defendants' regulations, policies, and practices "discriminate against U.S.-based religious employers and their selected international religious workers, while interfering with their [constitutional and statutory] rights to appoint and employ ministers." In their third amended complaint, plaintiffs complain that because USCIS excludes them "and all religious organizations that file I-360 petitions" from concurrent filing and premium processing, plaintiffs "may" need to dismiss ministers or put R-1 religious workers on temporary leave, which results in additional delays, cost, and diverted resources. They complain about delay and expense because they "may" need to file expedited action or R-1 extensions, in addition to congressional assistance. They allege that they are harmed from "potential liability" following violations of defendants' policies, and they opine that defendants' regulations, policies, and practices "may" impact their employment decisions in the future. Last, plaintiffs allege harm to their non-citizen employees' children, who they claim "may" be impacted by

processing delays.

For their various harms, plaintiffs seek various forms of relief, including declaratory and injunctive relief. They urge the court to declare 8 C.F.R. 245.2(a)(2)(i)(B) unconstitutional under the First and Fifth Amendments, as well as declare that the regulation violates the RFRA, INA, and APA. They urge the court to order defendants to immediately adjudicate plaintiffs' Form I-360 and related forms that have been pending for at least 180 days, in addition to ordering defendants to accept concurrent filings for any applicants "for whom an immigrant visa is available," as well as to extend premium processing to religious petitioners of Form I-360 petitions. Last, they seek an injunction from considering plaintiffs' Form I-360 beneficiaries as unlawfully present, among other things, while the lawsuit is pending.

Defendants counter that the court does not have jurisdiction over plaintiffs' complaint. They argue that plaintiffs "have not, and cannot, point to any adverse agency action that USCIS has purportedly taken" because plaintiffs concede that USCIS has approved all plaintiffs' Form I-360 petitions that are specified in the third amended complaint. Moreover, in defendants' Notice of Administrative Action, defendant informed the court that USCIS also approved all specified Form I-485 applications. In other words, the USCIS cannot find any beneficiaries (i.e., employees) indicated in plaintiffs' third amended complaint to be unlawfully present.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff must show that the court has jurisdiction. Fed. R. Civ. Pro. 12(b)(1). Federal courts have limited jurisdiction and may exercise jurisdiction only where it is specifically authorized by federal statute, Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008), and where it is consistent with the U.S. Constitution. Article III of the U.S. Constitution confines federal courts to resolution of "cases" or "controversies."

U.S. Const. art. III.

As a threshold matter, Article III requires that a plaintiff establish standing.  To have standing, a plaintiff must have suffered an injury in fact that is traceable to the defendant's challenged conduct and redressable by a favorable decision from the court.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992).  An injury in fact is an invasion of a legally protected interest that is concrete and particularized and actual or imminent.  <u>Id.</u> at 560.  An interest is not particularized if it is shared generally with the public at large, such as an interest in the proper application of the Constitution and the law.  <u>Id.</u> at 573–74.

Cases that do not involve actual, ongoing cases or controversies are moot and must be dismissed for lack of jurisdiction.  See <u>Stotts v. Cmty. Unit Sch. Dist. No. 1</u>, 230 F.3d 989, 990–91 (7th Cir. 2000).  The Supreme Court has described mootness as "the doctrine of standing set in a time frame." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 68 n. 22 (1997). Unlike the burden to prove standing, which lies with the plaintiff, the burden to prove mootness lies with the party asserting mootness, which is usually the defendant.  See <u>Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.</u>, 528 U.S. 167, 190 (2000).  A case becomes moot when the court's decision would no longer affect the rights of litigants in the case before them and "simply would be an opinion advising what the law would be upon a hypothetical state of facts." <u>H.P. by & Through W.P. v. Naperville Cmty. Unit Sch. Dist. #203</u>, 910 F.3d 957, 960 (7th Cir. 2018) (internal quotations omitted).

## **DISCUSSION**

Defendants move to dismiss plaintiffs' third amended complaint for lack of jurisdiction. First, they argue that plaintiffs lack standing and that the case is moot.  Next, defendants argue that plaintiffs' challenge to 8 C.F.R. § 245.2(a)(2)(i)(B), which regulates concurrent filing, is

barred by the relevant statute of limitations. Last, defendants argue that plaintiff's challenge to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E), which governs premium processing, is barred by statute. The court concludes that the case is not moot and that plaintiff has standing, but the court dismisses plaintiffs' third amended complaint for lack of jurisdiction in part.

The court begins with defendants' argument that plaintiffs lack standing and that the case is moot. This argument can be parsed into three components: (1) plaintiffs cannot establish a redressable injury; (2) even if plaintiffs have hypothetically redressable injuries, their injuries are moot because plaintiffs cannot show that they are likely to recur; and (3) plaintiffs cannot establish causation.

First, defendants argue that the case is moot because USCIS has already approved all Form I-360 petitions and their corresponding Form I-485 applications at issue in the litigation. According to defendants, the court is unable to grant any relief that would redress plaintiffs' harms, since plaintiffs no longer feel "uncertainty as to when the petitions would be approved." Further, to the extent that plaintiffs "seek structural changes to the rules governing the future filing of Form I-360 petitions for Special Immigrant Religious Workers," defendants argue that such relief "necessarily cannot redress the harms Plaintiffs allege that they have suffered in connection with previous filings." The court agrees with defendant that plaintiffs cannot establish standing based on their approved petitions for EB-4 status.[1]

The case is not moot, however, if plaintiffs allege an injury in fact that is likely to recur. See, e.g., Fed. Election Comm'n v. Wisconsin Right To Life, Inc., 551 U.S. 449, 462–63 (2007); see also United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968) ("A

---

[1] The court also rejects other alleged harms as inappropriate to establish standing. The court rejects any alleged harm on behalf of other "religious organizations that file I-360 petitions, as well as alleged harm on behalf of the indicated beneficiaries' children, because such harms are not particularized to plaintiffs, and courts generally reject third-party standing.

case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").  Plaintiffs argue that they continue to suffer due to defendants' allegedly unlawful refusal to extend concurrent filing and premium processing to EB-4 petitioners, which has "ensured that they face ongoing delays" and will do so in future petitions, which plaintiffs indicate that they intend to file.  Plaintiffs also argue that any recent reduction in processing times does not mean that defendants can moot the case through their own voluntary conduct, citing Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167 (2000), because it is not "absolutely clear" that delays in adjudication will not recur following resolution of the instant suit.

Defendants argue against both exceptions to mootness because "[t]here is no reason to believe that there will be another pandemic that will cause USCIS's processing times to balloon," and that "USCIS is moving to make changes to the rules governing the filing of Form I-360 petitions for Special Immigrant Religious Workers" through notice-and-comment rulemaking.  The court determines that the instant case is not moot based on these arguments, which rely upon possible, but not certain, events that are partially within USCIS's control.  See, e.g., Chi. United Indus., Ltd. v. City of Chi., 445 F.3d 940, 947 (7th Cir. 2006) ("[T]he mere cessation of the conduct sought to be enjoined does not moot a suit to enjoin the conduct, lest dismissal of the suit leave the defendant free to resume the conduct the next day.")

Although the court concludes that the case is not moot, the court must still dismiss plaintiffs' third amended complaint if it determines that plaintiffs cannot establish standing without pending petitions.  Plaintiffs maintain that "[t]his case was never fundamentally about the Defendants' unreasonable delays," but is about "religious organizations' right to participate on an equal basis in Government programs that benefit non-religious organizations."  Essentially,

plaintiffs' argument is that their true injury is disparate and discriminatory treatment in the employment-based status adjustment process—which has manifested in processing delays and expense above and beyond those organizations seeking other employment-based immigrant visas. In response to defendants' motion to dismiss, plaintiffs attach affidavits that indicate that "USCIS processing times for I-360 petitions for religious workers slipped to an extraordinary level of more than two years, while its processing time for most secular employers did not slip as much (and premium processing was available for urgent cases)," and that religious organizations are required to "expend resources to complete the religious immigration procedure in ways that non-religious organizations and their employees do not."

The court concludes that, even without pending petitions, plaintiffs can establish standing in federal court based on their allegations of disparate and discriminatory treatment in the process of filing EB-4 motions, and their alleged harm is redressable. The court could remedy plaintiffs' expense burden through a court order to expand concurrent filing and premium processing to EB-4 petitioners like plaintiffs, as plaintiffs urge the court to do. This relief could reduce the manifestations of the alleged disparate and discriminatory treatment, such as delay and expense.

Defendants' last attempt to dispute plaintiffs' standing is argued in a footnote, which states that plaintiffs cannot plausibly argue that defendants' regulation (8 C.F.R. § 245.2(a)(2)(i)(B)) caused plaintiffs' alleged harm because plaintiffs claim that the processing delays began in 2020, whereas USCIS promulgated the regulation in 2008. Defendants assert that the pandemic, rather than the regulation, was the reason for delays in adjudication. Plaintiffs counter that processing delays persisted even after the "height of the COVID-19 pandemic," suggesting that the regulation, not the pandemic, caused the delays. The court disagrees with

defendants and concludes that plaintiffs have alleged causation because the presence of a confluence of potential causal factors does not negate the causation component of standing. See, e.g., Massachusetts v. EPA, 549 U.S. 497, 523–525 (2007).

Therefore, concluding that plaintiffs have standing, the court moves on to defendants' second argument: that the court should dismiss plaintiffs' challenge to 8 C.F.R. § 245.2(a)(2)(i)(B) in Count 5 of the complaint because it is barred by a six-year statute of limitations. According to defendants, the court should apply the statute of limitations provision in 28 U.S.C. § 2401(a), which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Because the USCIS promulgated § 245.2(a)(2)(i)(B) in 2002, defendants argue that the statute of limitations expired in 2008.

Both parties agree, however, that some courts have recognized an exception to the six-year statute of limitations where the agency is applying the regulation against the plaintiff. See, e.g., Am. Stewards of Liberty v. Dep't of Interior, 960 F.3d 223, 228 (5th Cir. 2020), cert. denied sub nom. Yearwood v. Dep't of the Interior, 141 S. Ct. 1062 (2021). Defendants argue that the Seventh Circuit has not adopted this exception and, in any event, USCIS did not take any action to apply the regulation against plaintiffs here. Conversely, plaintiffs argue that the exception applies to USCIS's action here because they are challenging the regulation's specific, substantive impact on them following its application against them, citing Commonwealth Edison Co. v. United States Nuclear Regulatory Com., 830 F.2d 610 (7th Cir. 1987).

The court agrees with defendants that plaintiffs cannot argue that 8 C.F.R. § 245.2(a)(2)(i)(B) was "enforced" or "applied" against them, so the six-year statute of limitations applies and bars the court from hearing plaintiffs' claims regarding 8 C.F.R.

11

§ 245.2(a)(2)(i)(B).  In the instant case, plaintiffs have alleged no adverse action against them under the regulation because they did not attempt to file their paperwork concurrently and because USCIS approved their petitions.  It is true that 8 C.F.R. § 245.2(a)(2)(i)(B) regulates plaintiffs' behavior—but 8 C.F.R. § 245.2(a)(2)(i)(B) regulates the behavior of all EB-4 petitioners.  If the state of being subject to regulation, without application of the rule to plaintiffs, were sufficient to allow a party to challenge an agency's regulation in court under this exception, the exception would swallow the rule.  Consequently, the court grants defendants' motion to dismiss plaintiffs' complaint to 8 C.F.R. § 245.2(a)(2)(i)(B) in Count 5 of the complaint.

Defendants' final argument is that the court should dismiss plaintiffs' challenge to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E) because it is barred by 8 U.S.C. § 1252(a)(2)(B)(ii).  The court agrees with this argument.  Section 1252(a)(2)(B)(ii) bars judicial review over USCIS's exercise of discretion under 8 U.S.C. § 1356(u)(2)(E), "regardless of whether the judgment, decision, or action is made in removal proceedings."  It states that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii).  "[T]his subchapter" refers to Title 8, Chapter 12, Subchapter II, of the United States Code, which is codified at 8 U.S.C. §§ 1151–1381 and thus includes § 1356(u)(2)(E).  See Kucana v. Holder, 558 U.S. 233, 237 (2010).

According to defendants, their decision to exclude EB-4 petitioners from premium processing is an exercise of discretion that the court cannot review because § 1356(u)(2)(E) states that USCIS should extend premium processing to "any other immigration benefit type that the Secretary deems appropriate for premium processing."  In other words, defendants argue that

12

Congress "stripped" the court's jurisdiction to review plaintiffs' claim here. Plaintiffs counter, and the court agrees, that even if USCIS's premium processing policy is discretionary, the exception for "constitutional claims or questions of law" applies in the instant case.[2] In § 1252(a)(2)(D), Congress created an exception to § 1252(a)(2)(B)(ii)'s jurisdiction stripping and allow plaintiffs to file petitions for review of the Attorney General or the Secretary of Homeland Security's discretion when they bring "constitutional claims or questions of law."

The problem for plaintiffs is that this exception is limited to "petitions for review" that are "filed with an appropriate court of appeals." 8 U.S.C. 1252(a)(2)(D). Thus, this court lacks jurisdiction over plaintiffs' claims for two reasons: first, because plaintiffs have not filed petitions for review, and second, because this court is not a court of appeals. If USCIS had denied plaintiffs' requests for status adjustment, for example, plaintiffs likely would have been able to raise their constitutional and statutory challenges to USCIS's denial in a petition for review in the appropriate court of appeals, so long as they had exhausted the proper administrative mechanism. See, e.g., Hamdan v. Gonzales, 425 F.3d 1051, 1061 (7th Cir. 2005). They did not do so here.

Because the court lacks jurisdiction to review plaintiffs' challenge to 8 C.F.R. § 245.2(a)(2)(i)(B) (the concurrent filing regulation) under the APA and also jurisdiction to review their challenge to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E) (governing premium processing), the court lacks jurisdiction to hear the claims asserted in Count 5. The

---

[2] Defendants argue that there is no exception to § 1252(a)(2)(b)(ii) when plaintiffs bring constitutional claims implicating the exercise of religion, citing Odei v. United States Dep't of Homeland Sec., 937 F.3d 1092, 1095 (7th Cir. 2019); Holy Virgin Prot. Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff, 499 F.3d 658, 662–63 (7th Cir. 2007). The court disagrees with defendants' characterization. These cases stand for the narrower holding that courts have limited jurisdiction over religious-based constitutional challenges to discretionary removal decisions where those challenges are inextricably intertwined with specific factual determinations and the weighing of evidence. Holy Virgin Prot. Cathedral, 499 F.3d at 663. In the instant case, plaintiffs bring constitutional claims to the overall employment-based visa system and its procedures. See generally Doe v. McAleenan, 926 F.3d 910 (7th Cir. 2019).

court also lacks jurisdiction to hear all plaintiffs' challenges to challenge to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E) in Counts 1, 2, 3, 4, and 6. The court concludes, however, that it has jurisdiction to hear plaintiffs' concurrent filing challenges to 8 C.F.R. § 245.2(a)(2)(i)(B) in Counts 1, 2, 3, 4, and 6, the court grants defendants' motion to dismiss only in part.

## CONCLUSION

For the reasons stated above, the court grants in part and denies in part defendants' motion to dismiss plaintiffs' third amended complaint [41]. The court grants defendants' motion to dismiss Count 5 with prejudice. The court denies defendants' motion to dismiss Counts 1, 2, 3, 4, and 6 of plaintiffs' third amended complaint to the extent that these counts challenge 8 C.F.R. § 245.2(a)(2)(i)(B). The court directs plaintiffs to file a fourth amended complaint in accordance with the court's ruling, eliminating their challenges to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E) (governing premium processing), on or before January 19, 2023. Defendants shall respond on or before February 28, 2023. The parties are directed to file a joint status report using this court's form on or before March 7, 2023.


ENTER:


**Robert W. Gettleman**
**United States District Judge**

DATE: **December 20, 2022**


14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOCIETY OF THE DIVINE WORD, | ) | |
| Chicago Province; NATIONAL SPIRITUAL | ) | |
| ASSEMBLY OF THE BAHA'IS IN THE | ) | |
| UNITED STATES; ILLINOIS GREAT | ) | |
| RIVERS CONFERENCE OF THE UNITED | ) | |
| METHODIST CHURCH; PONTIFICAL | ) | Case No. 21 CV 3650 |
| NSTITUTE FOR FOREIGN MISSIONS; | ) | |
| BROWN MISSIONARY BAPTIST CHURCH; | ) | Judge Robert W. Gettleman |
| INDIA HERITAGE FOUNDATION, | ) | |
| NJ/NY INC.; BAPTIST MID-MISSIONS; | ) | |
| GENERAL SECRETARIAT OF THE | ) | |
| FRANCSICAN MISSIONS, INC.; | ) | |
| THE ROMAN CATHOLIC DIOCESE OF | ) | |
| DES MOINES; FIRST BAPTIST CHURCH OF | ) | |
| KALAMAZOO; GRACE-TRINITY UNITED | ) | |
| CHURCH OF CHRIST; BIRMINGHAM | ) | |
| CHINESE CHRISTAIN CHURCH; DIOCESE | ) | |
| OF PEORIA, ILLINOIS; MISSIONARY | ) | |
| SISTERS SERVANTS OF THE HOLY SPIRIT; | ) | |
| ALGOOD BAPTIST CHURCH, D/B/A | ) | |
| CHURCH ON A HILL; EVANGELICAL | ) | |
| LUTHERAN CHURCH OF AMERICA (ELCA), | ) | |
| INDIANA-KENTUCKY SYNOD; | ) | |
| & EVANGELICAL LUTHERAN CHURCH | ) | |
| OF AMERICA (ELCA), NEW JERSEY SYNOD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES (USCIS); | ) | |
| ALEJANDRO MAYORKAS, Secretary | ) | |
| of the Department of Homeland Security; | ) | |
| and DONNA P. CAMPAGNOLO, Director, | ) | |
| USCIS California Service Center (CSC), | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs are tax-exempt religious institutions and bring their fourth amended complaint

1

against defendants United States Citizenship and Immigration Services ("USCIS"); Alejandro

Mayorkas, Secretary of the Department of Homeland Security; and Donna P. Campagnolo,

Director of the USCIS California Service Center ("CSC") (collectively, "defendants"). The

complaint alleges that defendants' regulations, policies, and practices violate the U.S.

Constitution and various federal statutes. Count 1 alleges violations of the Free Exercise Clause

of the First Amendment; Count 2 alleges violations of the Establishment Clause of the First

Amendment; Count 3 alleges violations of the Religious Freedom Restoration Act ("RFRA"), 28

U.S.C. § 2201; Count 4 alleges violations of the Immigration and Nationality Act ("INA"), 8

U.S.C. § 1255; and Count 6 alleges violations of the Due Process and Equal Protection Clauses.[1]

On April 17, 2023, plaintiffs moved for summary judgment on all counts (Doc. 62), and

defendants cross-moved for summary judgment on May 18, 2023 (Doc. 65). For the reasons

discussed below, the court denies plaintiffs' motion (Doc. 62), and grants defendants' motion

(Doc. 65).

## BACKGROUND

As tax-exempt religious institutions, plaintiffs claim that they exercise their religious

beliefs and advance them in practice by employing foreign-born ministers and international

religious workers.[2] Ministers and other religious workers can seek classification in the

employment-based immigrant preference category for "special immigrants." 8 U.S.C.

§ 1154(a)(1)(G)(i). What plaintiffs term the "special immigrant religious worker" category is

---

[1] Count 5 formerly alleged violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, but the court dismissed that count in its ruling on defendants' motion to dismiss (Doc. 55).
[2] To resolve the instant motion, the court evaluates the relevant facts from the parties' Local Rule 56.1 statements. While the parties agree that their disputes center on "strictly legal" issues, the court finds that each party's statement provides helpful context. Where plaintiffs have not complied with the Local Rule requirements by failing to cite specific evidentiary material that supports their asserted facts, the court disregards those facts. Further, the court overrules defendants' objection under Local Rule 56.1(d)(5), which allows plaintiffs (the "movant") to file its statement of material facts in 80 or less numbered paragraphs; plaintiffs have filed 66 numbered paragraphs.

known as "EB-4."  8 U.S.C. § 1153(b)(4); 8 U.S.C. § 1101(a)(27)(C).  The EB-4 category

includes other types of workers, such as certain juveniles, U.S. government employees who are

abroad, members of the U.S. armed forces, and broadcasters.  8 U.S.C. § 1101(a)(27).  Other

employment-based immigrant preference categories are priority workers ("EB-1"), advanced

degree and exceptional ability workers ("EB-2"), professional and skilled workers ("EB-3"), and

individuals involved in job creation ("EB-5").  8 U.S.C. §§ 1153(b)(1),(2),(3), and (5).

 The INA allows up to 5,000 visas per fiscal year for EB-4 workers, and the process of

employing them requires a series of steps by employers (such as plaintiffs) and their non-citizen

employees.  Employers first seek EB-4 classification for their non-citizen employees by filing a

Form I-360 petition with the Secretary of Homeland Security.  8 C.F.R. § 204.5(a).  After USCIS

approves the Form I-360 petition, the non-citizen employee must file a Form I-485 application

for adjustment of status to "lawful permanent resident," otherwise known as "green card holder."

8 C.F.R. § 245.2.

 USCIS regulates employment-based immigrant preference categories and adjustment of

status based on its discretion under § 1255(a), which provides that:

> "The status of an alien who was inspected and admitted or paroled into the United States .
> . . may be adjusted by the Attorney General, in his discretion and under such regulations
> as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1)
> the alien makes an application for such adjustment, (2) the alien is eligible to receive an
> immigrant visa and is admissible to the United States for permanent residence, and (3) an
> immigrant visa is immediately available to him at the time his application is filed."
> [Emphasis added.]

 For EB-4 workers, USCIS has interpreted the INA to determine that a visa is

"immediately available" only after USCIS has approved the corresponding Form I-360 petition.

8 C.F.R. § 245.2(a)(2)(i)(B).

 In the instant case, plaintiffs are employers who filed Form I-360 petitions on behalf of

specific non-citizen employees who were already in the United States on non-immigrant ("R-1") visas.  R-1 visas allow non-citizen employees to stay in the country for up to five years, and potentially even longer if they successfully "adjust status" prior to their R-1 visa expiration.  If an R-1 visa holder does not adjust their status before its expiration, the individual becomes unlawfully present in the United States and ineligible to adjust status after 180 days.[3]  8 U.S.C. §§ 1255(c), (k).  The non-citizen employees are not parties to the instant case.

Employment-based immigrants in other preference categories must complete different steps to adjust their status.  For example, employers of non-citizen workers in the EB-1, EB-2, and EB-3 preference categories file Form I-140 petitions instead of Form I-360 petitions. 8 C.F.R. § 204.5(a).  Some of these employers must test the U.S. labor market by seeking a labor certification from the United States Department of Labor.  8 U.S.C. § 1182(a)(5)(A)(i).  However, just like EB-4 employees, employees in the other preference categories must file Form I-485 applications for status adjustment.  8 C.F.R. §245.2(a)(3).  The difference is that other categories of employment-based workers can file their Form I-485 applications <u>concurrently</u> with their Form I-140 petitions, whereas EB-4 employees can file their Form I-485 applications only <u>after</u> the USCIS approves their employers' Form I-360 petitions.  8 C.F.R. § 245.2(a)(2)(i)(B).

The difference in concurrent filing prohibitions between employment-based preference categories is central to this case.  In 1991, the former Immigration and Naturalization Service ("INS") eliminated concurrent filing under 8 U.S.C. § 1153(b) for all categories.  56 Fed. Reg. 49,839 (Oct. 2, 1991).  In 2002, however, INS authorized concurrent filing for EB-1, EB-2, and

---

[3] USCIS does not require special immigrant religious workers to be present in the United States on R-1 visas before filing Form I-360 petitions.  Religious workers can file for EB-4 categorization while abroad, either after their R-1 visa expires or without an R-1 visa (or another non-immigrant visa) to begin with.

EB-3 petitioners. 67 Fed. Reg. 49,561 (July 31, 2002). In 2008, the Department of Homeland Security ("DHS") considered, but declined, to extend concurrent filing to EB-4 petitioners. 73 Fed. Reg. 72,276 (Nov. 26, 2008).

In denying concurrent filing for EB-4 petitioners, the agency reasoned that non-concurrent filing improves its ability "to detect and deter fraud and other abuses in the religious worker program," citing a study by the Government Accountability Office that identified a high incidence of fraud in that program. 73 Fed. Reg. 72,276, 72,277, 72,284 (Nov. 26, 2008). DHS concluded that non-concurrent filing is "a valuable fraud deterrent," and aligned with its statutory mandate to eliminate or reduce fraud among special immigrant religious workers and protect the integrity of the program. 72 Fed. Reg. 20,443, 20,450 (Apr. 25, 2007); 73 Fed. Reg. 72,284 (Nov. 26, 2008). In doing so, the agency recognized that individuals sponsored by religious organizations may obtain admission to the United States using other means. 73 Fed. Reg. 72,283 (Nov. 26, 2008).

In the instant case, USCIS has approved all plaintiffs' Form I-360 petitions, but plaintiffs state that they continue to be harmed by USCIS's regulation prohibiting concurrent filing for EB-4 petitioners, 8 C.F.R. § 245.2(a)(2)(i)(B), because they anticipate filing Form I-360 petitions in the future. They complain that the inability to concurrently file Form I-485 applications with Form I-360 petitions results in processing delays that harm plaintiffs because their employees are time-limited by R-1 status. Consequently, plaintiffs anticipate experiencing uncertainty and disruptions in religious services, in addition to diverted resources, which they expend to follow up on pending petitions to avoid lapses in employment authorization.[4] According to plaintiffs,

---

[4] Plaintiffs provide a declaration from Jack Iyer ("Iyer"), which states that plaintiff Siddhi Vinayaka Cultural Center, Inc.'s non-resident employee attempted to file his application for adjustment of status before USCIS approved his plaintiff employer's Form I-360 petition, and USCIS denied the employee's application. USCIS cited § 245.2(a)(2)(i)(B) and stated that his "application cannot be considered properly filed and therefore cannot be

they predict that they will be forced to choose between losing their employees' religious services or facing sanctions. Ultimately, plaintiffs allege that the USCIS's regulations "discriminate against U.S.-based religious employers and their selected international religious workers, while interfering with their [constitutional and statutory] rights to appoint and employ ministers."

On July 27, 2022, defendants moved to dismiss plaintiffs' third amended complaint for lack of jurisdiction, which the court granted in part and denied in part in <u>Society of Divine Word v. United States Citizenship & Immigration Services ("Divine Word I")</u>, No. 21 CV 3650, 2022 WL 17820973 (N.D. Ill. Dec. 20, 2022). The court concluded that, at that stage, plaintiffs established standing, and the case was not moot, but it accepted defendants' argument that plaintiffs' challenge to 8 C.F.R. § 245.2(a)(2)(i)(B) pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§704–706, was barred by the relevant statute of limitations.

Specifically, the court applied the statute of limitations provision in 28 U.S.C. § 2401(a), which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Because USCIS promulgated § 245.2(a)(2)(i)(B) in 2002, the court concluded that plaintiffs' claim pursuant to the Administrative Procedure Act ("APA") expired in 2008. It rejected plaintiffs' argument that an exception to the statute of limitations applied under <u>American Stewards of Liberty v. Department of Interior</u>, 960 F.3d 223, 228 (5th Cir. 2020), <u>cert. denied sub nom.</u> <u>Yearwood v. Department of the Interior</u>, 141 S. Ct. 1062 (2021). Under this exception, plaintiffs argued that their claim under the APA was not time-barred because the agency substantively agency applied or enforced the regulation against them within the past six years.

**LEGAL STANDARD**

---

approved." Iyer states that plaintiff and its employee spent thousands of dollars in filing fees prior to denial.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden, and the court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in their favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the nonmovant must do more than raise "some metaphysical doubt as to the material facts." Id. at 586. Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Where both parties file motions for summary judgment, the court applies the same standards of review. See Wis. Alumni Research Found. v. Xenon Pharm., Inc., 591 F.3d 876, 882 (7th Cir. 2010). The court views all facts and inferences in the light most favorable to the nonmovant on each motion, on an individual and separate basis. Id.

## DISCUSSION

In the instant case, the parties cross-move for summary judgment on all counts of plaintiffs' fourth amended complaint, which centers on USCIS's regulation governing concurrent filing of visa petitions and applications for adjustment of status for EB-4 petitioners, 8 C.F.R. § 245.2(a)(2)(i)(B). The court begins by evaluating defendants' argument that plaintiffs lack standing under Article III to challenge the regulation. To establish standing based on threatened future harm, plaintiffs must demonstrate an imminent, not speculative, injury that is redressable by a favorable decision from the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992).

Upon defendant's motion to dismiss, the court ruled that plaintiffs established standing

with their allegations of threatened future harm.[5]  See Divine Word I, 2022 WL 17820973, at *5.
The court explained that standing was "based on their allegations of disparate and discriminatory
treatment in the process of filing EB-4 motions, and their alleged harm is redressable."  Id.
Defendants renew their objections regarding standing at summary judgment and argue that
plaintiffs lack standing because they have not provided sufficient evidence to demonstrate that
they suffer from non-speculative, redressable future injuries.  Instead, defendants argue that
plaintiffs' alleged harms rely on a hypothetical series of speculative events.[6]

The court disagrees with defendants that plaintiffs lack standing at this stage.  Plaintiffs'
affidavits are sufficient to establish standing because their theory of standing is based on their
allegations of disparate and discriminatory treatment.  Specifically, plaintiffs argue that, under
the current regulatory regime, USCIS will process their future non-concurrently filed Form I-360
petitions and Form I-485 applications for special immigrant religious workers (EB-4) in a
different manner than USCIS processes Form I-140 petitions and Form I-485 applications for
secular organizations, which use other employment-based preference categories (EB-1, EB-2,
EB-3).  If USCIS extended concurrent filing to EB-4 petitioners, then plaintiffs' harm (different
regulatory treatment under § 245.2(a)(2)(i)(B)) would be redressed.  While it is true that
plaintiffs emphasize longer processing times, in addition to extra resource expenditure, when
seeking employment authorization for special immigrant workers, time and cost are merely
manifestations of plaintiffs' primary alleged harm (different regulatory treatment under
§ 245.2(a)(2)(i)(B)), rather than independent harms that confer standing in this case.[7]  At this

---

[5] Plaintiffs did not establish standing with their previously filed Form I-360 petitions, which were all approved by
USCIS.
[6] According to defendants, this chain of events relies on plaintiffs' future filing of Form I-360 petitions for EB-4
workers on R-1 visas, which USCIS must fail to adjudicate in time for their employees' Form I-485 applications to
be granted.  Moreover, defendants emphasize that plaintiffs' future injury depends upon whether USCIS would grant
their future employees' concurrently filed Form I-485 applications prior to the lapse of their R-1 visas.
[7] The court considers processing time and resource expenditure to be factors in analyzing whether

stage, plaintiffs have established that § 245.2(a)(2)(i)(B) treats them in a different manner than secular organizations, and that is enough to confer standing.

Defendants' second argument is that plaintiffs' challenges to 8 C.F.R. § 245.2(a)(2)(i)(B) are barred by the six-year statute of limitations in 28 U.S.C. § 2401(a), and plaintiffs' RFRA claim is barred by the four-year statute of limitations in 28 U.S.C. § 1658(a). Defendants argue that the court's reasoning in dismissing plaintiffs' former claim pursuant to the APA equally applies to plaintiffs' other constitutional and statutory claims.

The court begins by agreeing with defendants that plaintiffs' challenge pursuant to the INA is time-barred for the same reason as their challenge under the APA, and thus grants summary judgment to defendants on Count 4.[8] See Divine Word I, 2022 WL 17820973, *5. Where the cause of action is based on USCIS's conduct in interpreting the breadth of its discretion to promulgate regulations, in addition to exercising its discretion by promulgating regulations pursuant to 8 U.S.C. § 1255, such challenges are time-barred.

The court, however, disagrees that its reasoning applies equally to plaintiffs' claims under the RFRA or the U.S. Constitution.[9] It is not that § 2401(a) does not apply to constitutional or statutory challenges. See, e.g., Francia v. Sec'y of the Army, No. 83 C 6620, 1985 WL 2674, at *2 (N.D. Ill. Sept. 20, 1985). The difference is that plaintiffs' challenges under the RFRA and Constitution are less focused on USCIS's interpretation and exercise of its discretion in the act of promulgating § 245.2(a)(2)(i)(B) in 2002. Instead, these claims depend on whether and how

---

§ 245.2(a)(2)(i)(B) imposes a substantial burden on plaintiffs' exercise of their religions (a question on the merits), rather than factors that demonstrate standing, or lack thereof (a jurisdictional question).

[8] Because the court determines that plaintiffs' challenge pursuant to the INA is time-barred, it does not address whether § 245.2(a)(2)(i)(B) is ultra vires under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), as articulated by the Ninth Circuit in Ruiz-Diaz v. United States, 618 F.3d 1055 (9th Cir. 2010).

[9] The court rejects defendants' argument that plaintiffs failed to address defendants' argument that their claims are time-barred under the four-year statute of limitations for RFRA claims; plaintiffs' argument under RFRA is the same as their argument under 28 U.S.C. § 2401(a).

9

USCIS's regulation continues to impact plaintiffs' specific employment decisions, and their participation in the process of obtaining employment-based visas.  See Commonwealth Edison Co. v. U.S. Nuclear Regul. Comm'n, 830 F.2d 610, 614 (7th Cir. 1987) ("Congress's grant of power to review one act (the promulgation of the rule) should not serve to circumscribe the power to review another act (the application of a rule by an agency in a specific proceeding to enforce the rule).").

This conclusion makes sense in the context of USCIS's regulatory scheme.  According to plaintiffs, they are challenging the way that USCIS's concurrent filing regulations impact the ease of their ability to hire certain foreign-born ministers and international religious workers compared to secular employers.  The court finds that the statute of limitations for plaintiffs' constitutional and RFRA challenges began to run when plaintiffs filed their Form I-360 petitions without a corresponding, concurrently filed Form I-485 application.  Indeed, defendants do not appear to dispute the counterfactual: if plaintiffs were notified by USCIS that their non-resident employees' Form I-485 applications were ultimately denied due to (prohibited) concurrent filing, the relevant statute of limitations for their claims against defendants would accrue at the time of denial.  Thus, the relevant statutes of limitations do not require resolving defendants' motion in their favor on Counts 1, 2, 3, and 6.

The court next evaluates plaintiffs' challenge to § 245.2(a)(2)(i)(B) pursuant to the RFRA in Count 3.  According to defendants, the regulation does not violate the RFRA by imposing a substantial burden on plaintiffs, and it is justified by a compelling government interest.  Plaintiffs counter that § 245.2(a)(2)(i)(B) violates the RFRA because it impacts their employment decisions by imposing the non-concurrent process they use to file employment-based petitions for their workers.

10

The RFRA prohibits the government from substantially burdening religious exercise. 42 U.S.C. § 2000bb-1(a). If the government substantially burdens a party's exercise of religion, that party is entitled to an exemption from the rule unless the government demonstrates that the burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb-1(b). A government action imposes a substantial burden under the RFRA when it interferes with a party's ability to practice their religion by pressuring them to act contrary to their religious beliefs. See Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 450 (1988). There is no substantial burden when the party is not subject to government pressure or coercion to do so. See Mayle v. United States, 891 F.3d 680, 687 (7th Cir. 2018).

In Ruiz-Diaz v. United States ("Ruiz-Diaz III"), 703 F.3d 483 (9th Cir. 2012), the Ninth Circuit determined that § 245.2(a)(2)(i)(B) does not impose a substantial burden on foreign religious workers because it does not affect their ability to practice their religion.[10] Id. at 486. The court reasoned that although the regulation may delay foreign-born religious workers' ability to file visa applications, it does not force them to choose between following the tenets of their religion and receiving a government benefit, or otherwise pressure them to modify their religious practices. Id. The court emphasized that "[t]he fundamental flaw in the plaintiffs' reliance on RFRA is that the challenged regulation does not affect their ability to practice their religion. They are subject to removal after five years because their visas have expired, not because they are practicing their religion." Id.

---

[10] Plaintiffs attempt to distinguish Ruiz-Dias III by arguing that the case discussed only claims from individual foreign-born religious workers, not from religious organizations like plaintiffs. This is incorrect. See Ruiz-Diaz III, 703 F.3d 483, 484–85 (9th Cir. 2012) ("Plaintiffs represent a class of non-citizen religious workers, together with the organizations that employ them, who have been admitted to this country on five-year religious worker visas."). They also argue that Ruiz-Diaz III relied on outdated case law and therefore was wrongly decided, but regardless, this court does not rely on the cited case law in the instant case.

Defendants cite the court's reasoning in Ruiz-Diaz III, and further argue that § 245.2(a)(2)(i)(B) does not require special immigrant religious workers to file in the EB-4 category; instead, they can concurrently file using the other employment-based preference categories (EB-1, EB-2, EB-3). Defendants argue that it is not clear how plaintiffs could modify their religious beliefs to change any delay or cost under § 245.2(a)(2)(i)(B), because no modification would allow them to employ temporary religious workers for longer than their R-1 visas allow them to do so. Defendants argue that § 245.2(a)(2)(i)(B) impacts only the time and manner that plaintiffs can obtain employment authorization for their foreign-born religious workers.

Plaintiffs counter that § 245.2(a)(2)(i)(B) violates the RFRA because their decisions regarding "when and where religious workers may be put into religious service" are protected by the First Amendment. They argue that § 245.2(a)(2)(i)(B) places "extreme and sometimes insurmountable burdens" on their ability to staff their religious missions. These burdens include processing delays, resource expenditure to follow up on and seek expedited adjudication of petitions, and lapses in employment authorization. Further, plaintiffs argue that § 245.2(a)(2)(i)(B) does not need to be the only means available to exercise their religion (i.e., to determine when and where to employ religious workers) for the restrictive regulation to establish a substantial burden. See Holt v. Hobbs, 574 U.S. 352, 361–62 (2015).

The court agrees with plaintiffs that § 245.2(a)(2)(i)(B) is still capable of substantially burdening their religious exercise even if they can use other employment-based immigration categories to hire their foreign-born religious workers. That being said, the court disagrees with plaintiffs that they have demonstrated that these alleged burdens (time, planning, and cost) have a substantial impact on their ability to determine when and where to hire and fire the religious

12

ministers of their choice. Instead, § 245.2(a)(2)(i)(B) requires employers to plan the timing of employment decisions based on immigration status, and potentially limits the pool of qualified applicants that plaintiffs can choose from if they fail to plan accordingly.

Limiting the pool of available employee based on immigration status is not the same as interfering with a religious organization's hiring decision by pressuring them to hire or fire a particular employee, as in Hosanna Tabor Evangelical Lutheran Church and School v. EEOC, 565 U.S. 171 (2012). In Hosanna, the government imposed an unwanted minister upon the church, and the plaintiff complained that the imposition impacted the church's faith and mission. Id. at 188. In contrast, § 245.2(a)(2)(i)(B) does not require plaintiffs to employ or terminate certain ministers; rather, it provides a timeline for religious employers to employ the foreign-born workers of their choice.[11] The regulation does not pressure them into picking, or not picking, certain ministers within the available pool, or otherwise interfere with matters of faith, doctrine, or "closely linked matters of internal government." See Our Lady of Guadalupe Sch. v. Morrissey-Berru, 140 S. Ct. 2049, 2060 (2020); Illinois Bible Colleges Ass'n v. Anderson, 870 F.3d 631, 641–42 (7th Cir. 2017).

Because the court also concludes that defendants are entitled to summary judgment on Count 3 pursuant to the RFRA, the court concludes that defendants are necessarily entitled to summary judgment on Counts 1 and 2 pursuant to the Free Exercise and Establishment Clauses of the First Amendment, which are duplicative counts. Congress enacted the RFRA to protect a broader range of religious exercise than the First Amendment in light of the Supreme Court's decision in Employment Division, Department of Human Resources of Oregon v. Smith, 494

---

[11] Because the court determines that § 245.2(a)(2)(i)(B) does not impose a substantial burden on plaintiffs' religious exercise, the court does not evaluate whether plaintiffs are entitled to an exemption, which is a case-by-case evaluation, although defendants argue that plaintiffs can, but have failed to, apply for such exemptions. See Gonzales v. O Centro Espirita Beneficente do Uniao do Vegetal, 546 U.S. 418, 436 (2006).

U.S. 872 (1990).[12]  See Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 694 (2014).  Even if plaintiffs had a successful claim under the RFRA, they still would not succeed under the First Amendment.  To the extent that plaintiffs can petition USCIS to allow them to hire foreign-born religious workers, § 245.2(a)(2)(i)(B)'s prohibition on concurrent filing is not based on plaintiffs' religious identity.  See Trinity Lutheran Church of Columbia v. Comer, 137 S. Ct. 2012, 2019 (2017).  Section 245.2(a)(2)(i)(B) is based on a demonstrated risk of fraud in the special immigrant category, and in particular, the religious worker program.

Plaintiffs' next argument is that § 245.2(a)(2)(i)(B) violates the Equal Protection and Due Process Clauses because it discriminates against them on the basis of religion.[13]  The Ninth Circuit also addressed this argument in Ruiz-Diaz v. United States (Ruiz-Diaz III), 703 F.3d 483, 487 (9th Cir. 2012), finding that § 245.2(a)(2)(i)(B) does not target any religious group and affects all members of the EB-4 preference category.  Further, the court concluded that even if the regulation treated the plaintiffs differently than other employment-based visa applicants, the difference required only a rational basis to survive an equal protection challenge, due to Congress's broad power over the naturalization and immigration processes.  Id. at 486–87 (citing Fiallo v. Bell, 30 U.S. 787 (1977); Mathews v. Diaz, 426 U.S. 67 (1976)).  The court in Ruiz-Diaz III found that USCIS's prohibition on concurrent filings is a "rational regulatory attempt to reduce fraud in the religious worker program," which is a legitimate interest.  703 F.3d at 487.

In the instant case, the court agrees with the Ninth Circuit's reasoning in Ruiz-Diaz III.

---

[12] Plaintiffs offer no argument to demonstrate how they could succeed on a free exercise claim if the court rules against them under the RFRA, which imposes a lower threshold for violations than the First Amendment.

[13] Defendants argue that they did not violate plaintiffs' due process rights under the Fifth Amendment because, as the Ninth Circuit reasoned in Ruiz-Dias III, plaintiffs do not have a legitimate claim of entitlement to have their visa applications filed concurrently with their EB-4 petitions, or their visa applications approved before their temporary visas expire.  See Ruiz-Diaz III, 703 F.3d at 487–88.  The court agrees, but finds that plaintiffs' equal protection and due process argument is based on the equal protection component of the Fifth Amendment, which applies to the federal government.  See Bolling v. Sharpe, 347 U.S. 497, 499 (1954).

See also St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 638 (7th Cir. 2007) (noting that where a plaintiff's free exercise claim has failed, the Supreme Court applies only rational basis scrutiny in its subsequent review of an equal protection fundamental right to free exercise based on the same facts); Canto v. Holder, 593 F.3d 638, 641 (7th Cir. 2010) (noting that judicial review of legislative decisions in the immigration context are "extremely limited"). Moreover, as discussed above, this court concludes that § 245.2(a)(2)(i)(B) is not based on religion; it is based on the demonstrated risk of fraud in the special immigrant religious worker program, which is not subject to other requirements that might avoid fraud in other employment-based categories. For example, some employers must receive certification from the Department of Labor that there are insufficient workers who are able, willing, qualified, and available to perform the required labor. 8 U.S.C. § 1882(a)(5)(A)(i)(I).

Plaintiffs themselves admit that the requirements for other employment-based preference categories would pose certain difficulties for many religious employers, and the court notes that such difficulty is likely why Congress created the EB-4 category in the first place. Plaintiffs do not address whether the overall regulatory scheme might, in fact, be advantageous for special immigrant religious workers compared to secular employers, in terms of delay and cost. In fact, plaintiffs provide no evidence to suggest that EB-4 petitions take more or less time or cost more or less money than other petitions in other employment-based categories. Plaintiffs also do not address whether special immigrant religious worker petitioners are similarly situated with other special immigrant petitioners (some of whom may concurrently file under 8 U.S.C. §1255(c)). Consequently, the court grants summary judgment for defendants on Count 6.

## <u>CONCLUSION</u>

For the reasons stated above, the court denies plaintiffs' motion (Doc. 62), and grants

defendants' motion on all counts (Doc. 65).


ENTER:


**Robert W. Gettleman**
**United States District Judge**

**DATE:  July 20, 2023**

16

APPEAL,HARJANI,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:21-cv-03650
## Internal Use Only

| | |
|---|---|
| Society of the Divine Word Chicago Province et al v. United States Citizenship and Immigration Services et al<br>Assigned to: Honorable Robert W. Gettleman<br>Cause: 28:1331 Federal Question | Date Filed: 07/09/2021<br>Date Terminated: 07/20/2023<br>Jury Demand: None<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **Society of the Divine Word Chicago Province** | represented by | **Scott D. Pollock**<br>Scott D. Pollock & Associates<br>105 West Madison Street<br>Suite 2200<br>Chicago, IL 60602<br>(312) 444-1940<br>Email: spollock@lawfirm1.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Christina Joan Murdoch**<br>Scott D. Pollock & Associates, P.C.<br>105 W. Madison Street<br>#2200<br>Chicago, IL 60602<br>(312)444-1940<br>Email: cmurdoch@lawfirm1.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen L. Tyma**<br>Stephen L. Tyma<br>105 West Madison Street<br>Suite 2200<br>Chicago, IL 60602<br>(312) 372-3920<br>Email: styma@tymalaw.com<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **National Spiritual Assembly of the Baha'is of the United States** | represented by | **Scott D. Pollock**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| **Illinois Great Rivers Conference of the United Methodist Church** | represented by | **Scott D. Pollock** |
|---|---|---|

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| **Pontifical Institute for Foreign Missions** | represented by | **Christina Joan Murdoch** |
|---|---|---|

(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| **Baptist Mid-Missions** | represented by | **Christina Joan Murdoch** |
|---|---|---|

(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Grace-Trinity United Church of Christ**   represented by **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**General Secretariat of the Franciscan**   represented by **Christina Joan Murdoch**
**Missions, Inc.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Brown Missionary Baptist Church**   represented by **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**First Baptist Church of Kalamazoo**   represented by **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**India Heritage Foundation, NJ/NY Inc.**    represented by    **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**The Roman Catholic Diocese of Des Moines**    represented by    **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Birmingham Chinese Christian Church**    represented by    **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Diocese of Peoria, Illinois**    represented by    **Christina Joan Murdoch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen L. Tyma**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott D. Pollock**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Missionary Sisters Servants of the Holy**          represented by   **Christina Joan Murdoch**
**Spirit**                                                            (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Stephen L. Tyma**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Scott D. Pollock**
                                                                      (See above for address)
                                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Evangelical Lutheran Church of**          represented by   **Christina Joan Murdoch**
**America, (ELCA), New Jersey Synod**                       (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott D. Pollock**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Algood Baptist Church, d/b/a Church on**          represented by   **Christina Joan Murdoch**
**a Hill**                                                          (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Scott D. Pollock**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Evangelical Lutheran Church of**          represented by   **Christina Joan Murdoch**
**America, Indiana-Kentucky Synod**                         (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott D. Pollock**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Citizenship and**          represented by   **Craig Arthur Oswald**
**Immigration Services**                                    United States Attorney's Office (NDIL -
*(USCIS)*                                                   Chicago)
                                                            219 South Dearborn Street

Chicago, IL 60604
(312) 353-5300
Email: craig.oswald@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Inez Treacy**
United States Attorney"s Office (NDIL-
Chicago)
219 South Dearborn Street
Chicago, IL 60604
(312) 886-7625
Email: Elizabeth.Treacy@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AUSA - Chicago**
United States Attorney's Office (NDIL -
Chicago)
219 South Dearborn Street
Chicago, IL 60604
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Aaron Goldsmith**
U.S. Department of Justice
450 5th Street, NW
Washington, DC 20530
(202) 532-4107
Email: aaron.goldsmith@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alejandro Mayorkas**
*Secretary, Department of Homeland
Security*

represented by **Craig Arthur Oswald**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Inez Treacy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AUSA - Chicago**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Aaron Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donna P Campagnolo**                    represented by **Craig Arthur Oswald**
*Director, USCIS California Service Center*                    (See above for address)
*(CSC)*                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Elizabeth Inez Treacy**
                    (See above for address)
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **AUSA - Chicago**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

                    **Aaron Goldsmith**
                    (See above for address)
                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 07/09/2021 | 🔒 1 | ☐ | COMPLAINT filed by Society of the Divine Word Chicago Province, Illinois Great Rivers Conference of the United Methodist Church, National Spiritual Assembly of the Baha'is of the United States; Filing fee $ 402, receipt number 0752-18440072.(Pollock, Scott) (Entered: 07/09/2021) |
| 07/09/2021 | 🔒 2 | ☐ | CIVIL Cover Sheet (Pollock, Scott) (Entered: 07/09/2021) |
| 07/09/2021 | 🔒 3 | ☐ | ATTORNEY Appearance for Plaintiffs Illinois Great Rivers Conference of the United Methodist Church, National Spiritual Assembly of the Baha'is of the United States, Society of the Divine Word Chicago Province by Scott D. Pollock (Pollock, Scott) (Entered: 07/09/2021) |
| 07/09/2021 | 🔒 4 | ☐ | ATTORNEY Appearance for Plaintiffs Illinois Great Rivers Conference of the United Methodist Church, National Spiritual Assembly of the Baha'is of the United States, Society of the Divine Word Chicago Province by Christina Joan Murdoch (Murdoch, Christina) (Entered: 07/09/2021) |
| 07/09/2021 | | | CASE ASSIGNED to the Honorable Robert W. Gettleman. Designated as Magistrate Judge the Honorable Sunil R. Harjani. Case assignment: Random assignment. (lxk, ) (Entered: 07/09/2021) |
| 07/14/2021 | | | SUMMONS Issued as to Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services, U.S. Attorney, and U.S. Attorney General (daj, ) (Entered: 07/14/2021) |
| 07/16/2021 | 🔒 5 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: The Clerk is directed to re-classify the nature of suit in this case to 440- Other Civil Rights and unseal all documents. Mailed notice (cn). (Entered: 07/16/2021) |

| 07/22/2021 | 6 | ☐ | DESIGNATION of Craig Arthur Oswald as U.S. Attorney for Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Oswald, Craig) (Entered: 07/22/2021) |
|---|---|---|---|
| 07/22/2021 | 7 | ☐ | DESIGNATION of Elizabeth Inez Treacy as U.S. Attorney for Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Treacy, Elizabeth) (Entered: 07/22/2021) |
| 09/20/2021 | 8 | ☐ | ATTORNEY Appearance for Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services by Aaron Steven Goldsmith (Goldsmith, Aaron) (Entered: 09/20/2021) |
| 09/20/2021 | 9 | ☐ | MOTION by Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services for extension of time to file answer (Attachments: # 1 Text of Proposed Order)(Goldsmith, Aaron) (Entered: 09/20/2021) |
| 09/21/2021 | 10 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: The Government's consented motion for an extension of time to answer, plead, or otherwise respond to plaintiffs' complaint 9 is granted. Defendants' responsive pleading due on or before 10/11/2021. Mailed notice (cn). (Entered: 09/21/2021) |
| 10/11/2021 | 11 | ☐ | AMENDED complaint by Illinois Great Rivers Conference of the United Methodist Church, National Spiritual Assembly of the Baha'is of the United States, Society of the Divine Word Chicago Province, Pontifical Institute for Foreign Missions, Baptist Mid-Missions, Grace-Trinity United Church of Christ, General Secretariat of the Franciscan Missions, Inc., Brown Missionary Baptist Church, First Baptist Church of Kalamazoo, India Heritage Foundation, NJ/NY Inc., The Roman Catholic Diocese of Des Moines against Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Pollock, Scott) (Entered: 10/11/2021) |
| 10/26/2021 | 12 | ☐ | ANSWER to amended complaint by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services(Goldsmith, Aaron) (Entered: 10/26/2021) |
| 10/26/2021 | 13 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: The parties are directed to file a Joint Status Report on this court's form on or before 11/9/2021. Mailed notice (Attachments: # 1 Joint Status Report) (cn). (Entered: 10/26/2021) |
| 11/09/2021 | 14 | ☐ | STATUS Report *Joint* by Baptist Mid-Missions, Brown Missionary Baptist Church, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines (Pollock, Scott) (Entered: 11/09/2021) |
| 11/10/2021 | 15 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: On review of the parties' Joint Status Report 14 the court sets the following briefing |

| | | | |
|---|---|---|---|
| | | | schedule on the parties' cross motions for summary judgment: plaintiffs' motion due 12/9/2021; defendants' response and cross-motion due 1/10/2021; plaintiffs' response and reply due 2/9/2022; defendants' reply due 3/11/2022. The parties have leave to file briefs in excess of fifteen pages, up to 25 pages. Mailed notice (cn). (Entered: 11/10/2021) |
| 11/22/2021 | 16 | ☐ | MOTION by Plaintiffs Baptist Mid-Missions, Brown Missionary Baptist Church, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Missionary Sisters Servants of the Holy Spirit to amend/correct amended complaint,, 11 (Attachments: # 1 Exhibit 1)(Pollock, Scott) (Entered: 11/22/2021) |
| 11/24/2021 | 17 | ☐ | Letter requesting mediation by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Goldsmith, Aaron) (Entered: 11/24/2021) |
| 11/29/2021 | 18 | ☐ | MOTION by Plaintiffs Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to set a briefing schedule *Joint motion to stay briefing* (Pollock, Scott) (Entered: 11/29/2021) |
| 11/29/2021 | 19 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: In light of the parties' motion to refer the matter to the Magistrate Judge for mediation, the court grants the parties' joint motion to stay briefing schedule on parties' cross-motions for summary judgment 18 and strikes the briefing schedule set 11/10/2021 15 . Plaintiffs' unopposed motion for leave to file Second Amended Complaint 16 & request for referral to MJ Plaintiffs' unopposed motion for leave to file Second Amended Complaint 16 is granted. Plaintiffs are directed to file their Second Amended Complaint as a separate docket entry. Defendants need not respond to the Second Amended Complaint until the mediation process with the Magistrate Judge is completed. The parties' joint request for referral to the magistrate judge 17 for mediation proceedings is granted and this case is referred to Magistrate Judge Harjani for mediation proceedings. The parties are directed to file a brief status report on the mediation on or before 2/1/2022. Mailed notice (cn). (Entered: 11/29/2021) |
| 11/29/2021 | 20 | ☐ | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sunil R. Harjani for the purpose of holding proceedings related to: mediation proceedings. (cn) Mailed notice. (Entered: 11/29/2021) |

| 11/29/2021 | 21 | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion with lead counsel is set for 12/2/2021 at 11:30 a.m. Lead counsel are instructed to promptly call into the Court's conference call-in number at (888) 684-8852, and use Access Code 7354516. Mailed notice (lxs, ) (Entered: 11/29/2021) |
| 11/29/2021 | 🔒 | | (Court only) Set/Reset Hearings:, ***Deadlines terminated. Settlement Conference set for 12/2/2021 at 11:30 AM. (lxs, ) (Entered: 11/29/2021) |
| 11/30/2021 | 22 | ☐ | AMENDED complaint by Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Society of the Divine Word Chicago Province, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., General Secretariat of the Franciscan Missions, Inc., Pontifical Institute for Foreign Missions, Brown Missionary Baptist Church, Grace-Trinity United Church of Christ, The Roman Catholic Diocese of Des Moines, First Baptist Church of Kalamazoo, Baptist Mid-Missions against All Defendants (Pollock, Scott) (Entered: 11/30/2021) |
| 12/02/2021 | 23 | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion held and continued 1/13/22 at 11:00 a.m. by telephone. Plaintiff's settlement letter is due by December 20, 2021 and Defendant's letter is due January 7, 2022. The call-in number is (888) 684-8852 and the access code is 7354516. Parties are reminded that Magistrate Judge Harjani requires compliance with his Standing Order for Settlement Conference, which is available on the court's website at www.ilnd.uscourts.gov. Mailed notice (lxs, ) (Entered: 12/02/2021) |
| 01/13/2022 | 24 | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion held and continued to 3/31/22 at 10:00 a.m. by telephone. The parties have exchanged an offer and response, and the Court had a productive discussion with the parties about ideas to bridge the gap. The parties need time to discuss with their client and put solutions on the table. Plaintiff shall submit a new offer to Defendant by 2/14/22; and Defendant shall respond with a new counteroffer by 3/15/22. Copies shall be provided to the Court. The Court will regroup with the parties at the next call and can also hold private sessions with counsel to further discuss their positions and interests. The parties are also ordered to confer on settlement prior to 3/31/22 and come to the call with proposals for moving forward. Mailed notice (lxs, ) (Entered: 01/13/2022) |
| 01/27/2022 | 25 | ☐ | STATUS Report *Joint* by Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines (Pollock, Scott) (Entered: 01/27/2022) |

| 03/18/2022 | [26](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion with lead counsel previously set for 3/31/2022 is stricken and reset to 4/1/2022 at 10:30 a.m. by telephone. Lead counsel are instructed to promptly call into the Court's conference call-in number at (888) 684-8852, and use Access Code 7354516. Mailed notice (lxs, ) (Entered: 03/18/2022) |
|---|---|---|---|
| 04/01/2022 | [27](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion held and continued to 4/13/22 at 11:00 a.m. by telephone. To join the call, counsel shall dial 888-684-8852 and enter access code access code 7354516. Mailed notice. (as, ) (Entered: 04/01/2022) |
| 04/07/2022 | 🔒 | | (Court only) ***Deadlines terminated. (lxs, ) (Entered: 04/07/2022) |
| 04/07/2022 | | | ORAL MOTION to reset (lxs, ) (Entered: 04/07/2022) |
| 04/07/2022 | [28](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Counsel's oral motion to reset is granted. Preliminary settlement discussion previously continued to 4/13/22 is reset to 4/22/2022 at 10:00 a.m. Lead counsel are instructed to promptly call into the Court's conference call-in number at (888) 684-8852, and use Access Code 7354516. Mailed notice (lxs, ) (Entered: 04/07/2022) |
| 04/22/2022 | [29](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion held and continued to 5/10/22 at 10:00 a.m. by telephone. The parties shall meet and confer prior to that time and continue the conversation that the Court had with the parties during the 4/22/22 call. Lead counsel are instructed to promptly call into the Court's conference call-in number at (888) 684-8852, and use Access Code 7354516. Mailed notice (lxs, ) (Entered: 04/22/2022) |
| 04/26/2022 | [30](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Continued preliminary settlement discussions set for 5/10/2022 is reset to 5/11/2022 at 10:00 a.m. by telephone. The dial-in information remains the same [29](#) . Mailed notice (lxs, ) (Entered: 04/26/2022) |
| 05/11/2022 | [31](#) | ☐ | MINUTE entry before the Honorable Sunil R. Harjani: Preliminary settlement discussion held. This Court has held multiple settlement discussions with the parties and reviewed their proposals in detail. At this time, further settlement discussions would not be productive. Rather, until one of the parties' position changes, continuing the litigation is the most productive course at this time. The parties are free to talk settlement at any time, and if there is a change in position, they may ask the district judge for a referral back to this Court. All matters related to the referral are concluded and the referral is closed. Mailed notice (lxs, ) (Entered: 05/11/2022) |
| 05/11/2022 | 🔒 | | (Court only) ***Set/Clear Flags, Judge Honorable Sunil R. Harjani no longer referred to the case. (lxs, ) (Entered: 05/11/2022) |
| 05/25/2022 | [32](#) | ☐ | ANSWER to amended complaint by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services(Goldsmith, Aaron) (Entered: 05/25/2022) |

| 05/26/2022 | 33 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: In light of Magistrate Judge Harjani's order closing the referral of settlement proceedings, the parties are directed to file a Joint Status Report on this court's form by 6/6/2022. Mailed notice (Attachments: # 1 Joint Status Report Form) (cn). (Entered: 05/26/2022) |
|---|---|---|---|
| 06/03/2022 | 34 | ☐ | STATUS Report *(Joint)* by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Goldsmith, Aaron) (Entered: 06/03/2022) |
| 06/06/2022 | 35 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: On review of the parties' Second Joint Status Report 34 , plaintiff has leave to file an amended complaint by 7/6/2022. Defendants' responsive pleading due by 7/27/2022. Telephonic status hearing set for 8/10/2022 at 9:15 a.m. Members of the public and media may listen to these proceedings by dialing (888) 684-8852 and using the access code is 1503395. Counsel of record and other essential case participants will receive an email prior to the start of the telephone hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 06/06/2022) |
| 06/08/2022 | 36 | ☐ | ATTORNEY Appearance for Plaintiffs Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines by Stephen L. Tyma (Tyma, Stephen) (Entered: 06/08/2022) |
| 07/01/2022 | 37 | ☐ | MOTION by Plaintiffs Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines for leave to file *third amended complaint* (Attachments: # 1 Exhibit 1)(Pollock, Scott) (Entered: 07/01/2022) |
| 07/01/2022 | 38 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiffs' unopposed motion for leave to file Third Amended Complaint 37 is granted. Plaintiffs are directed to file the Third Amended Complaint as a separate docket entry. Defendants' responsive pleading remains due by 7/27/2022. Telephonic status hearing remains set for 8/10/2022 at 9:15 a.m. |

| | | | |
|---|---|---|---|
| | | ☐ | Members of the public and media may listen to these proceedings by dialing (888) 684-8852 and using the access code is 1503395. Counsel of record and other essential case participants will receive an email prior to the start of the telephone hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 07/01/2022) |
| 07/01/2022 | <u>39</u> | ☐ | AMENDED complaint by Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Society of the Divine Word Chicago Province, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., General Secretariat of the Franciscan Missions, Inc., Pontifical Institute for Foreign Missions, Brown Missionary Baptist Church, Grace-Trinity United Church of Christ, The Roman Catholic Diocese of Des Moines, First Baptist Church of Kalamazoo, Baptist Mid-Missions, Evangelical Lutheran, New Jersey Synod Church of America,, Algood Baptist Church, d/b/a Church on a Hill, Evangelical Lutheran Church of America, Indiana-Kentucky Synod against All Defendants (Pollock, Scott) (Entered: 07/01/2022) |
| 07/22/2022 | <u>40</u> | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Telephonic status hearing set for 8/10/2022 is stricken and reset to 8/16/2022 at 9:40 a.m. Members of the public and media may listen to these proceedings by dialing (888) 684-8852 and using the access code is 1503395. Counsel of record and other essential case participants will receive an email prior to the start of the telephone hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (cn). (Entered: 07/22/2022) |
| 07/27/2022 | <u>41</u> | ☐ | MOTION by Defendants Donna P Campagnolo, United States Citizenship and Immigration Services, Alejandro Mayorkas to dismiss for lack of jurisdiction (Attachments: # <u>1</u> Declaration)(Goldsmith, Aaron) (Entered: 07/27/2022) |
| 07/28/2022 | <u>42</u> | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: The court sets the following schedule on defendants' motion to dismiss plaintiffs' Third Amended Complaint <u>41</u> : plaintiffs' response due 9/1/2022; defendants' reply due 9/22/2022. Telephonic hearing set for 8/16/2022 is stricken. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 07/28/2022) |
| 08/25/2022 | <u>43</u> | ☐ | MOTION by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical |

| | | | |
|---|---|---|---|
| | | ☐ | Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines for extension of time to file response/reply as to motion to dismiss/lack of jurisdiction 41 (Pollock, Scott) (Entered: 08/25/2022) |
| 08/26/2022 | 44 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiffs' unopposed motion for extension of time to file response to motion to dismiss 43 Is granted. The briefing schedule on defendants' motion to dismiss plaintiffs' Third Amended Complaint 41 set on 7/28/2022 42 is modified as follows: plaintiffs' response due 9/30/2022; defendants' reply due 10/21/2022. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 08/26/2022) |
| 09/30/2022 | 45 | ☐ | RESPONSE by Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moinesin Opposition to MOTION by Defendants Donna P Campagnolo, United States Citizenship and Immigration Services, Alejandro Mayorkas to dismiss for lack of jurisdiction 41 (Attachments: # 1 Exhibit Index with Exhibits A, B, C, D, and E)(Pollock, Scott) (Entered: 09/30/2022) |
| 10/06/2022 | 46 | ☐ | MOTION by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to supplement *Response to Motion to Dismiss* (Attachments: # 1 Exhibit A)(Pollock, Scott) (Entered: 10/06/2022) |

| 10/07/2022 | 47 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiffs' motion to supplement exhibits to response to defendants' motion to dismiss 46 is granted. Defendants' reply in support of the motion to dismiss due by 10/28/2022. The court will issue its ruling via CM/ECF. Mailed notice (cn). (Entered: 10/07/2022) |
|---|---|---|---|
| 10/28/2022 | 48 | ☐ | REPLY by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services to MOTION by Defendants Donna P Campagnolo, United States Citizenship and Immigration Services, Alejandro Mayorkas to dismiss for lack of jurisdiction 41 (Attachments: # 1 Declaration Connie L. Nolan)(Goldsmith, Aaron) (Entered: 10/28/2022) |
| 10/29/2022 | 49 | ☐ | MOTION by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to strike reply to response to motion, 48 (Pollock, Scott) (Entered: 10/29/2022) |
| 10/30/2022 | 50 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Plaintiffs' motion to strike defendants' reply brief 49 is denied. Plaintiffs have leave to file a sur-reply by 11/11/2022. Mailed notice (cn). (Entered: 10/30/2022) |
| 11/07/2022 | 51 | ☐ | SUR-REPLY by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to motion to dismiss/lack of jurisdiction 41 (Pollock, Scott) (Entered: 11/07/2022) |
| 11/18/2022 | 52 | ☐ | Notice of Administrative Development by United States Citizenship and Immigration Services (Attachments: # 1 Declaration)(Goldsmith, Aaron) (Entered: 11/18/2022) |
| 11/18/2022 | 53 | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: By 11/28/2022, Plaintiff is directed to respond to Defendants' Notice of Administrative Action 52 and confirm whether this case is moot. Mailed notice (cn). (Entered: 11/18/2022) |

| 11/28/2022 | <u>54</u> | ☐ | RESPONSE by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to other <u>52</u> *Defendants' Notice of Administrative Development* (Attachments: # <u>1</u> Exhibit Index with Exhibits A, B, B.1, and C)(Pollock, Scott) (Entered: 11/28/2022) |
|---|---|---|---|
| 12/20/2022 | <u>55</u> | ☐ | MEMORANDUM Opinion and Order signed by the Honorable Robert W. Gettleman on 12/20/2022: For the reasons set forth in the attached opinion, the court grants in part and denies in part defendants' motion to dismiss plaintiffs' third amended complaint <u>41</u> . The court grants defendants' motion to dismiss Count 5 with prejudice. The court denies defendants' motion to dismiss Counts 1, 2, 3, 4, and 6 of plaintiffs' third amended complaint to the extent that these counts challenge 8 C.F.R. § 245.2(a)(2)(i)(B). The court directs plaintiffs to file a fourth amended complaint in accordance with the court's ruling, eliminating their challenges to USCIS's implementation of 8 U.S.C. § 1356(u)(2)(E) (governing premium processing), on or before January 19, 2023. Defendants shall respond on or before February 28, 2023. The parties are directed to file a joint status report using this court's form on or before March 7, 2023. Mailed notice (cn). (Entered: 12/20/2022) |
| 12/29/2022 | <u>56</u> | ☐ | ANNUAL REMINDER: Pursuant to <u>Local Rule 3.2 (Notification of Affiliates)</u>, any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this <u>LINK</u> will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/19/2023 | <u>57</u> | ☐ | *Fourth* AMENDED complaint by Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Society of the Divine Word Chicago Province, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., |

| | | | |
|---|---|---|---|
| | | | General Secretariat of the Franciscan Missions, Inc., Pontifical Institute for Foreign Missions, Brown Missionary Baptist Church, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, Grace-Trinity United Church of Christ, The Roman Catholic Diocese of Des Moines, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, First Baptist Church of Kalamazoo, Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions against All Defendants (Pollock, Scott) (Entered: 01/19/2023) |
| 02/23/2023 | <u>58</u> | ☐ | MOTION by Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Servicesentry of agreed briefing schedule and leave to file briefs in excess of Local Rule 7.1 *(Agreed Motion)* (Attachments: # <u>1</u> Text of Proposed Order)(Goldsmith, Aaron) (Entered: 02/23/2023) |
| 02/24/2023 | <u>59</u> | ☐ | MINUTE entry before the Honorable Robert W. Gettleman: Federal Defendants' Agreed Motion For Entry Of A Briefing Schedule And For Leave To File Briefs In Excess Of Local Rule 7.1 Page Limit <u>58</u> is granted. The court adopts the following schedule on cross-motions for summary judgment: plaintiffs' motion due by 4/17/2023; defendants' opposition and cross-motion due 5/17/2023; plaintiffs' opposition and reply due 6/7/2023; defendants' reply due 6/28/2023. In accordance with the requirements set forth in Local Rule 7.1, the parties have leave to file opening motion briefs of up to 25 pages. Mailed notice (cn). (Entered: 02/24/2023) |
| 02/28/2023 | <u>60</u> | ☐ | ANSWER to amended complaint by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services(Goldsmith, Aaron) (Entered: 02/28/2023) |
| 03/07/2023 | <u>61</u> | ☐ | STATUS Report *(Third)* by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Goldsmith, Aaron) (Entered: 03/07/2023) |
| 04/17/2023 | <u>62</u> | ☐ | MOTION by Plaintiffs Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Society of the Divine Word Chicago Province, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., General Secretariat of the Franciscan Missions, Inc., Pontifical Institute for Foreign Missions, Brown Missionary Baptist Church, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, Grace-Trinity United Church of Christ, The Roman Catholic Diocese of Des Moines, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, First Baptist Church of Kalamazoo, Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions for summary judgment (Murdoch, Christina) (Entered: 04/17/2023) |
| 04/17/2023 | <u>63</u> | ☐ | MEMORANDUM by Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers |

| | | | |
|---|---|---|---|
| | | | Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines in support of motion for summary judgment,,, 62 (Murdoch, Christina) (Entered: 04/17/2023) |
| 04/17/2023 | 64 | ☐ | RULE 56 d Statement by Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines regarding motion for summary judgment,,, 62 (Attachments: # 1 Exhibit)(Murdoch, Christina) (Entered: 04/17/2023) |
| 05/17/2023 | 65 | ☐ | RESPONSE by Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Servicesin Opposition to MOTION by Plaintiffs Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Birmingham Chinese Christian Church, Diocese of Peoria, Illinois, Society of the Divine Word Chicago Province, Il 62 *and Cross-Motion for Summary Judgment* (Goldsmith, Aaron) (Entered: 05/17/2023) |
| 05/17/2023 | 66 | ☐ | RULE 56 (d) Statement *of Undisputed Facts* (Attachments: # 1 Exhibit 2008 Final Rule)(Goldsmith, Aaron) (Entered: 05/17/2023) |
| 05/17/2023 | 67 | ☐ | RESPONSE by Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services to Rule 56 statement,,, 64 (Goldsmith, Aaron) (Entered: 05/17/2023) |
| 06/07/2023 | 68 | ☐ | REPLY by Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to response in opposition to motion, 65 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pollock, Scott) (Entered: 06/07/2023) |
| 06/07/2023 | 69 | ☐ | RESPONSE by Plaintiffs Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical |

| | | | |
|---|---|---|---|
| | | | Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines to Rule 56 statement,,, 64 (Pollock, Scott) (Entered: 06/07/2023) |
| 06/28/2023 | 70 | ☐ | REPLY by Defendants Donna P Campagnolo, Alejandro Mayorkas, United States Citizenship and Immigration Services (Goldsmith, Aaron) (Entered: 06/28/2023) |
| 07/20/2023 | 71 | ☐ | MEMORANDUM Opinion and Order signed by the Honorable Robert W. Gettleman on 7/20/2023: For the reasons set forth in the attached Opinion and Order, the court denies plaintiffs' motion 62 , and grants defendants' motion on all counts 65 . Civil case terminated. Mailed notice (cn). (Entered: 07/20/2023) |
| 07/20/2023 | 72 | ☐ | ENTERED JUDGMENT on 7/20/2023. Mailed notice (cn). (Entered: 07/20/2023) |
| 09/08/2023 | 73 | ☐ | NOTICE of appeal by Algood Baptist Church, d/b/a Church on a Hill, Baptist Mid-Missions, Birmingham Chinese Christian Church, Brown Missionary Baptist Church, Diocese of Peoria, Illinois, Evangelical Lutheran Church of America, (ELCA), New Jersey Synod, Evangelical Lutheran Church of America, Indiana-Kentucky Synod, First Baptist Church of Kalamazoo, General Secretariat of the Franciscan Missions, Inc., Grace-Trinity United Church of Christ, Illinois Great Rivers Conference of the United Methodist Church, India Heritage Foundation, NJ/NY Inc., Missionary Sisters Servants of the Holy Spirit, National Spiritual Assembly of the Baha'is of the United States, Pontifical Institute for Foreign Missions, Society of the Divine Word Chicago Province, The Roman Catholic Diocese of Des Moines regarding orders 55 , 71 Filing fee $ 505, receipt number AILNDC-21030463. Receipt number: n (Pollock, Scott) (Entered: 09/08/2023) |
| 09/12/2023 | 74 | ☐ | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal,,, 73 (aee, ) (Entered: 09/12/2023) |

or